[S. F. No. 2380. In Bank.—July 20, 1900.]

JOHN E. DALY, Administrator, etc., et al., Respondents, v. J. T. RUDDELL, Appellant.

ACTION TO DETERMINE WATER RIGHTS—JUDGMENT CONFERRING RIGHT TO LAY PIPE—APPEAL—STAY OF PROCEEDINGS—SUPERSEDEAS.—Upon appeal from a judgment in an action to determine water rights, which confers upon the plaintiffs the right to lay a pipe through the land of the defendant, the statutory appeal bond in the sum of three hundred dollars stays proceedings in the court below upon the judgment appealed from; and a *supersedeas* will issue to restrain any proceedings under the judgment to lay the pipe line during the appeal.

APPLICATION for a *supersedeas* pending an appeal from a judgment of the Superior Court of Los Angeles County. Lucien Shaw, Judge.

The facts are stated in the opinion.

Long & Baker, and George M. Holton, for Appellant.

John E. Daly, for Respondents.

THE COURT.—This case is before us on the application of the appellant for a *supersedeas*. The purpose of the action is to determine certain water rights as between the parties. Plaintiffs had judgment, from which defendant appealed, and gave the statutory appeal bond in the sum of three hundred dollars. By the judgment one of the plaintiffs was given the right to

lay a certain pipe line through premises of appellant; and notwithstanding the appeal, said plaintiff attempted to lay said line, and was obstructed in doing so by defendant, who was cited for contempt for such obstruction.   He now asks for a *supersedeas* to restrain any proceedings under the judgment during the appeal.

The judgment does not contain any of the directions mentioned in the Code of Civil Procedure, from section 942 to section 945, inclusive; and therefore the undertaking in the sum of three hundred dollars, prescribed in section 941, "stays proceedings in the court below upon the judgment or order appealed from." (Code Civ. Proc., sec. 949.) It cannot be said that appellant is "not allowing the property to remain as it was at the date of the decree." (*Dewey v. Superior Court,* 81 Cal. 64, 68.)

Let the *supersedeas* issue as prayed for.