[L. A. No. 16180. In Bank.—May 27, 1937.]

URSUL STEWART et al., Respondents, v. ARTHUR C. HURT, etc., et al., Appellants.

Charles H. Brock and Arthur C. Hurt, Jr., for Appellants.

Ralph G. Miller and Chester E. Cleveland, Jr., for Respondents.

EDMONDS, J.—The petitioner in this proceeding seeks a writ of *supersedeas* in connection with a judgment rendered against him as the trustee of a testamentary trust.

The will of Lucius J. Smith named the petitioner as executor and also trustee. He qualified as executor and conducted the administration of the decedent's estate. In the course of these proceedings certain property was distributed to him as the testamentary trustee. Thereafter beneficiaries of the trust commenced a suit in equity for his removal and also to set aside certain orders by which his actions as trustee were approved and his account settled and allowed. The trial court decided adversely to him. By the judgment he was removed as trustee and Ralph G. Miller was appointed as his successor. The court also vacated and set aside the order and decree settling and allowing the petitioner's first account as trustee and ordered an accounting *de novo* to be made covering the entire period of the trust. Other orders made during the petitioner's administration of the trust were ''declared null and void as against these plaintiffs''.

It appears that this judgment was signed on November 9th although not entered until December 10, 1936. On December 11th the petitioner filed his notice of appeal from the judgment. The petitioner alleges that on December 9th the court made an order transferring the proceedings for an accounting *de novo* to the probate department and that notice was served upon him that the new accounting was set for

hearing on December 30th. The petition for a writ of *super-sedeas* was filed in this court the previous day and an order to show cause was issued thereon which directed the superior court not to hear or decide any proceedings brought for the enforcement of the judgment pending a further order.

However, the petitioner before making the present application complied with the judgment to the extent of turning over to Miller all of the personal property of the trust estate. He alleges he did this only because he was threatened with proceedings for contempt. Whatever the reason for his compliance the petitioner does not claim that any further proceedings may now be taken against him so far as requiring the delivery of property now in his possession.

As the grounds for a writ of *supersedeas*, the petitioner states that the plaintiffs and Miller intend to and will during the pendency of the appeal institute further proceedings in the superior court for the purpose of enforcing the judgment requiring him to account *de novo* and that the court will hear and pass upon his account. He also alleges that the writ should be granted because he has an equitable lien against the trust estate, and Miller, now purporting to act as trustee, may sell the property and defeat his claim. He represents that in the event of such a sale to an innocent purchaser, "there is a strong probability" title would pass free and clear of the equitable lien which he claims for money advanced to the trust estate.

A writ of *supersedeas* may only issue in aid of appellate jurisdiction. (*Norton* v. *Municipal Court*, 8 Cal. App. (2d) 368 [48 Pac. (2d) 124]; *Rosenfield* v. *Miller*, 216 Cal. 560 [15 Pac. (2d) 161].) Its purpose is to preserve to an appellant the fruits of a meritorious appeal where they might otherwise be lost to him. Whenever it appears necessary that the subject of the action be maintained *in status quo* pending the determination of the appeal, the writ will be granted. (*Dry Cleaners & Dyers Institute, etc.*, v. *Reiss & Sterling Cleaners, Ltd.*, 5 Cal. (2d) 306 [54 Pac. (2d) 470].) But to state adequate grounds for the issuance of the writ it must be shown that there is something for the writ to act upon. Only where the judgment or order is such that it may be enforced pending the appeal may the writ issue. (*Hulse* v. *Davis*, 200 Cal. 316 [253 Pac. 136].) "When the judgment is rendered and no process is required to be issued for its

enforcement, no *supersedeas* is allowed. In fact, there is no necessity for such a writ. There is nothing to stay or supersede.'' (*Tyler* v. *Presley*, 72 Cal. 290 [13 Pac. 856].)

█ Those provisions of the judgment which removed the petitioner as trustee and appointed Miller to succeed him were self-executing. (*Dulin* v. *Pacific W. & C. Co.*, 98 Cal. 304 [33 Pac. 123].) The provision requiring the petitioner to account *de novo* was not an order made in aid of the judgment; it is a part of the judgment. It contemplates a further proceeding; one in which the petitioner has full opportunity to appear and present an accounting in whatever form he chooses. There is, therefore, no basis for a writ of *supersedeas*. ''A *supersedeas*, properly so called, is a suspension of the power of a trial court to issue an execution upon a judgment appealed from, or, if a writ of execution has issued, it is a prohibition emanating from a court of appeal against the execution of the writ.'' (23 Cal. Jur. 983.) If the superior court because of the appeal now has no jurisdiction to hear or determine an accounting *de novo*, the petitioner has an appropriate remedy. There is, however, no basis for the relief sought in the present application.

The order to show cause is discharged and the petition is denied.

Langdon, J., Shenk, J., Thompson, J., and Seawell, J., concurred.