[Sac. No. 5723. In Bank. Apr. 27, 1945.]

Estate of SAM LEE, Deceased. FLORENCE BOYES, as Public Administrator, etc., Respondent, v. MARK YEE WO, Appellant.

Robert P. Sullivan for Appellant.

Foltz & Rendon for Respondent.

THE COURT.—This application for a writ of supersedeas seeks to stay, pending appeal, all proceedings under an order appointing the Public Administrator of San Joaquin County as administrator of the estate of the decedent.

On January 26, 1945, Sam Lee died in the county of San Joaquin. On January 31, 1945, the public administrator of that county petitioned the superior court for letters of administration of the estate of the deceased, and the matter was set for hearing on February 13, 1945. On or about February 9, 1945, Mark Yee Wo, who claims to be the sole heir at law of the decedent, filed his petition for appointment as administra-

tor. His petition, though placed in the file with the petition of the public administrator, was set for hearing on February 26, 1945, and then continued to March 5, 1945. On February 13, 1945, the court appointed the public administrator as administrator of the estate of the decedent and held that petitioner was not entitled to rely on section 442 of the Probate Code, which provides that the hearing of petitions for letters in the matter of the same estate shall be heard together.

On March 10, 1945, the petitioner filed his notice of appeal to this court from the order appointing the public administrator; from the order denying the appellant the right to be heard on his petition for appointment as administrator and from the order dismissing the order theretofore issued in said estate restraining the public administrator from disposing of any and all property of the above named decedent.

■ A writ of supersedeas will lie in aid of an appeal. Its function is to maintain the subject matter of the proceeding until the final determination thereof in order that the appellant may not lose the fruits of a meritorious appeal. (*Dry Cleaners & Dyers Institute* v. *Reiss*, 5 Cal.2d 306 [54 P.2d 470].)

■ Under section 1233 of the Probate Code, section 949 of the Code of Civil Procedure is applicable to these proceedings. It is there provided that where the orders appealed from do not fall within the provisions of sections 942, 943, 944 and 945 of the Code of Civil Procedure, "the perfection of an appeal stays proceedings in the court below, upon the judgment or order appealed from." The appeal herein does not fall within the provisions of those sections. The perfecting of the appeal has therefore automatically stayed any further act by the public administrator until the final determination thereof. (*In re Schedel*, 69 Cal. 241 [10 P. 334]; *Jensen* v. *Hugh Evans & Co.*, 13 Cal.2d 401 [90 P.2d 72], and cases cited.)

In view of this statutory stay it may not be assumed that further proceedings, pursuant to the orders appealed from, will be attempted. If such an attempt be made this application may be renewed.

The petition is denied without prejudice.