[L. A. Nos. 21768, 21861. In Bank. June 19, 1951.]

Estate of LOUISE E. DABNEY, Deceased, CLIFFORD R. DABNEY et al., Petitioners, v. MILTON H. PHILLEO, as Executor, etc., et al., Respondents.

C. Paul Du Bois and John E. Sisson for Petitioners.

Dolley, Knight, Woods & Hightower, Roy P. Dolley and Franklin L. Knox, Jr., for Respondents.

SCHAUER, J.—In these applications for a writ of supersedeas petitioners, Clifford R. Dabney and Alice M. Dabney, husband and wife, seek to stay further proceedings in the *Estate of Louise E. Dabney, Deceased,* under orders of ratable distribution entered on August 22 and September 26, 1950, and February 6, 1951, pending determination of petitioners' appeals from such orders.

Petitioners allege, in their first petition for the writ,[1] that on February 1, 1950, they commenced an action (numbered 569707) in the superior court in Los Angeles in which they seek declaratory relief, to establish constructive and resulting trusts, to quiet title, and an accounting and further relief, all with respect to certain described properties which are inventoried as assets of the Dabney estate. Petitioners' claims to and in such properties are asserted not as heirs of, but adversely to, the decedent's estate. The properties were or are in the possession of respondent Milton H. Philleo as executor of the estate, subject to administration in the estate proceedings in the superior court in Los Angeles.

Petitioners then allege that the following proceedings occurred in the estate, each and all of them designed to defeat any recovery petitioners may secure in their action 569707:

Petitions for ratable distribution to the heirs of decedent were filed; petitioners filed objections thereto; the objections were overruled; two orders for ratable distribution, of $150,000 each, were entered on August 22, 1950; an order for distribution of $300,000 was entered September 26, 1950. On October 3, 1950, petitioners filed notices of appeal from these three orders,[2] and the transcripts on appeal are now on file in this court (L. A. 21768).

Petitioners further allege that on August 25, 1950, the executor made full distribution of the sum of $300,000 under the two orders of August 22, and that he "has informed petitioners that he intends to make distribution of the" $300,000 under the order of September 26, despite the appeals of

---

[1]Filed November 14, 1950, and transferred to this court after decision by the District Court of Appeal, Second Appellate District, Division One, ordering that the writ be denied and that a temporary restraining order which had theretofore been entered by that court be dissolved.

[2]Such orders are appealable. (Prob. Code, § 1240.)

petitioners. It is also alleged in a second petition[3] for the writ that on or about November 3, 1950, a further petition for ratable distribution was filed, petitioners filed objections thereto, the objections were overruled, an order of ratable distribution of $1,000,000 was entered on February 6, 1951, and on the same day petitioners appealed from such order; that the executor has stated his intention to distribute the entire assets of the estate despite petitioners' appeals. This latter appeal is also presently pending in this court (L. A. 21861), a temporary stay has been ordered, and the record has been filed.[4]

Petitioners allege, in addition, that if distribution is made under the orders appealed from the properties and interests which they claim to own and seek to recover, and which are inventoried as assets of the estate, will be irretrievably lost; that distribution will be made to more than one hundred persons, residing in many different states, and that it will be prohibitively expensive and in many cases impossible to recover from such distributees; that the bond of the executor is only $100,000 and his personal assets limited, and that therefore petitioners will be unable to recover from him in excess of his bond.

The executor as well as one of the distributees of the estate have filed demurrers and answers as respondents to the supersedeas petitions. In the answers and in oral argument before this court it is stated among other things:

That distribution of the $300,000 ordered August 22, 1950, was made on August 28, 1950, prior to the filing of appeal by petitioners (on October 3, 1950); on December 28, 1950,[5] distribution was made under the order of September 26, 1950; the executor has not stated to petitioners his intent to distribute "the entire assets" of the estate regardless of petitioners' appeals [however, he does not himself deny such

---

[3]Retained by this court, without transfer to the District Court of Appeal.

[4]This record was filed subsequent to filing of the petition for the writ; pursuant to Rule 49, Rules on Appeal, petitioners state the subject matter of this appeal to be whether petitioners are interested parties to the estate proceedings, whether petitioners as adverse claimants to properties also claimed by the estate are entitled to object to distribution of the estate, and whether they are entitled to have the assets claimed by the estate, and adversely by them, retained in the possession of the executor pending final adjudication in action 569707.

[5]The date of entry by the District Court of Appeal of its decision ordering that the writ be denied and that the temporary stay order be dissolved.

intention] ; petitioner Clifford R. Dabney has assigned to others his entire interest in the estate and in any recovery in his action 569707 (for declaratory relief, to quiet title, etc.), and consequently is not a proper party in interest to object to petitions for ratable distribution; petitioner Alice M. Dabney filed no creditor's claim against the estate and is not a proper party in interest to object to the petitions for distribution; in action 569707 demurrers to petitioners' complaint have been sustained without leave to amend, judgment that "plaintiffs [petitioners here] take nothing" was entered accordingly (on October 6, 1950), and petitioners have appealed therefrom; in the proceedings on the petitions for ratable distribution, to which petitioners objected and in which their appeals are pending, the trial court "has ruled that inasmuch as Clifford R. Dabney has sold his entire interests in the estate and made effective assignments, therein filed, that he has no standing in that court to object to petitions for ratable distribution merely by reason of the fact that he is asserting an adverse claim for certain of the assets inventoried and a part of the estate"; staying distribution under the orders from which petitioners appealed would result in tax losses to the estate as well as interest income on the amount sought to be distributed.

█ Respondents contend, first, that petitioners are not persons interested in the estate and therefore have no standing in this court to object to distribution. It is apparent, however, from the portions of respondents' answers quoted hereinabove, from the records on appeal in L. A. 21768 and L. A. 21861, from uncontroverted allegations of the supersedeas petition in L. A. 21861, and from statements of counsel in oral argument before this court, that this is one of the points directly concerned in the appeals now pending. █ The correctness of the decision of the trial court (at least when it is not apparent on the face of the record, and it is not so apparent here[6]) is not

---

[6](a) Both appellants and respondent executor state that they "have been unable to find any case . . . which has ever decided" the point as to whether one claiming property adversely to the estate is a person interested (see Prob. Code, § 1010) who is entitled to object to a petition for ratable distribution.

(b) The tenability of the claim (see p. 406) that petitioner Clifford Dabney "not only conveyed all of his interest as an heir in said estate, but also conveyed every other claim and interest . . . of every kind and character to which he would be entitled by distribution or otherwise," and is therefore not "a person interested in any way in said estate," appears to depend upon the construction to be placed on certain instru-

involved in a supersedeas proceeding; it "is not the function of such a writ to reverse, supersede or impair the force of, or pass on the merits of the judgment or order from which the appeal is taken; the validity of such judgment or order is to be reviewed on the appeal therefrom. [Citations.] Its purpose is merely to suspend the enforcement of the judgment pending the appeal." (*Smith* v. *Smith* (1941), 18 Cal.2d 462, 465 [116 P.2d 3], and cases there cited.) Determination of the issue of petitioners' interest in the estate must therefore await decision on the appeals.

■ It is established that under the provisions of section 949 of the Code of Civil Procedure the perfecting of an appeal from a decree of distribution by an appellant who is not required to perform the directions of the judgment or order appealed from "stays proceedings in the court below upon the judgment appealed from." (See *In re Schedel* (1886), 69 Cal. 241, 243 [10 P. 334] [distributee appealed; distribution held automatically stayed]; *Pennie* v. *Superior Court* (1891), 89 Cal. 31, 34 [26 P. 617] [estate claimants appealed from order directing payment of family allowance; payment thereof held automatically stayed]; *Born* v. *Horstmann* (1889), 80 Cal. 452, 453 [22 P. 169, 338, 5 L.R.A. 577] [perfection of appeal by claimants under testamentary trust "operates as a *supersedeas*"]; *Firebaugh* v. *Burbank* (1898), 121 Cal. 186, 190 [53 P. 560]; *Estate of Wellings* (1925), 197 Cal. 189, 195-196 [240 P. 21]; *Jensen* v. *Hugh Evans & Co.* (1939), 13 Cal.2d 401, 405-406 [90 P.2d 72], and cases there cited; see, also, *Estate of Garraud* (1868), 36 Cal. 277, 280 [appeal by estate claimants from order of distribution "suspended and stayed its vital force and effect; and, pending such appeal, no action could be taken by the Court below for the enforcement of the order, or upon any subject matter embraced therein"].)

■ It is further established that where, as here, the order appealed from requires no acts to be performed by appellants for the benefit of respondents "or in pursuance of the directions of the judgment or order appealed from," no bond may be required from appellants in order to effect the stay of proceedings under section 949 of the Code of Civil Procedure. (*Williams* v. *Wells Fargo Bank & U. Tr. Co.* (1941), 17 Cal.2d 104, 107 [109 P.2d 649]; see *Jensen* v. *Hugh Evans*

---

ments executed by Clifford, as to the proper construction of which instruments the claims of petitioners and of respondents are widely divergent and deserving of careful judicial scrutiny.

& Co. (1939), *supra,* 13 Cal.2d 401, 406-407.) ▮ Furthermore, since the appeal operates to set up an automatic statutory stay, this court will not "balance or weigh the arguments with reference to the possible irreparable injury to appellants or respondents as would be necessary if the question of the issuance of the writ was solely a matter of our discretion."[7] (*Feinberg* v. *One Doe Co.* (1939), 14 Cal.2d 24, 29 [92 P.2d 640].)

▮ It is also established law that even where an appeal effects a statutory stay, the writ of supersedeas will issue "in a corrective capacity" in case of a violation or threatened violation of such stay. (See *In re Schedel* (1886), *supra,* 69 Cal. 241, 243; *Daly* v. *Ruddell* (1900), 129 Cal. 300, 301 [61 P. 1080]; *Foster* v. *Foster* (1936), 5 Cal.2d 669, 672 [55 P.2d 1175]; *Fulton* v. *Webb* (1937), 9 Cal.2d 726, 729 [72 P.2d 744]; *Jensen* v. *Hugh Evans & Co.* (1939), *supra,* 13 Cal.2d 401, 407; *Feinberg* v. *One Doe Co.* (1939), *supra,* 14 Cal.2d 24, 28-29; *Williams* v. *Wells Fargo Bank & U. Tr. Co.* (1941), *supra,* 17 Cal.2d 104, 106-107; *Smith* v. *Smith* (1941), *supra,* 18 Cal.2d 462, 466-467; *Estate of Sam Lee* (1945), 26 Cal.2d 295, 296 [158 P.2d 193]; *Estate of Hultin* (1947), 29 Cal.2d 825, 833 [178 P.2d 756]; see, also, *Estate of Stough* (1916), 173 Cal. 638, 642 [161 P. 1]; *Ruggles* v. *Superior Court* (1894), 103 Cal. 125, 128 [37 P. 211]; *Food & Grocery Bureau* v. *Garfield* (1941), 18 Cal.2d 174, 176-177, 179 [114 P.2d 579].)

▮ Respondents urge, nevertheless, that "Where the judgment or order requires no process to be issued for its enforcement, no *supersedeas* is allowed." Although this general principle is stated and followed in the cases relied upon by respondents (*Stewart* v. *Hurt* (1937), 9 Cal.2d 39 [68 P.2d 726]; *City of South Gate* v. *City of Los Angeles* (1936), 6 Cal.2d 593, 595 [58 P.2d 1288]; *Caminetti* v. *Guaranty Union Life Ins. Co.* (1943), 22 Cal.2d 759, 763 [141 P.2d 423]), in none of those cases does it appear that the appeal effected an automatic stay of proceedings in the lower court. Connected with this point is respondents' further contention that the orders of distribution were "self-executing," that "no

---

[7] Relative to respondents' plea of tax and income losses to the estate and the distributees if the stay is effected, it is noted from the record that petitioners in their objections to the distribution petitions in the probate court requested that if distribution be ordered bond be required from the distributees as provided by Probate Code, §§ 1000, 1001, but that the court expressly denied such a requirement. Whether a bond may or may not be required in connection with orders for *ratable* distribution as distinguished from orders for *partial* distribution, is not here considered.

process is required to be issued'' for their enforcement, and that therefore supersedeas will not lie. Varying situations in which it is stated that the judgment or order appealed from was ''self-executing'' and that supersedeas would not be granted may be found in the cases (see, e.g., *Boggs* v. *North American Bond & Mtg. Co.* (1936), 6 Cal.2d 523, 525 [58 P.2d 918] [order dismissing petition for postponement of sale under deed of trust] ; *In re Graves* (1923), 62 Cal.App. 168, 169 [216 P. 386] [judgment suspending petitioner from practice of law for one year] ; *Hulse* v. *Davis* (1927), 200 Cal. 316, 317 [253 P. 136] [order quashing execution] ; *People* v. *City of Westmoreland* (1933), 135 Cal.App. 517, 519 [27 P.2d 394] [judgment that petitioner city had never been lawfully incorporated] ; *In re Imperial Water Co., No. 3* (1926), 199 Cal. 556, 557 [250 P. 394] [order dissolving the water company and directing distribution of its property through its corporate directors acting as trustees] ; *Caminetti* v. *Guaranty Union Life Ins. Co.* (1943), *supra,* 22 Cal.2d 759, 763 [order approving rehabilitation and reinsurance agreement affecting twelve mutual life insurance companies] ; *Stewart* v. *Hurt* (1937), *supra,* 9 Cal.2d 39, 42 [judgment removing a testamentary trustee and appointing a successor] ). Again, however, in none of the cited cases does it appear that the appeal effected a statutory stay, although that question was expressly not considered in *In re Imperial Water Co. No. 3, supra.* In *Feinberg* v. *One Doe Co.* (1939), *supra,* 14 Cal.2d 24, 27-29, it is held that a superior court order affirming an arbiter's award in a labor dispute and enjoining defendants from employing a particular person was in effect a mandatory injunction automatically stayed by appeal, and that the writ should issue to restrain attempted contempt proceedings in the lower court. In rejecting the contention that the order was ''self-executing'' and that the writ would therefore not lie, the court stated, ''The term 'self-executing' is practically self-defining, and obviously denotes a judgment that accomplishes by its mere entry the result sought, and requires no further exercise of the power of the court to accomplish its purpose.''

█ Contrary to the arguments of respondents, there is direct authority that the writ will issue to stay action by either executors or guardians or by the court pending appeal, and that it may be directed to any or all of them as respondents. Thus, in *Estate of Stough* (1916), *supra,* 173 Cal. 638, 642, where appeal was held to effect an automatic stay of an

order appointing an executor, but the executor had attempted to take possession of estate property, the writ was issued restraining him "from doing any act as executor . . . during the pendency of the appeal." In *Coburn* v. *Hynes* (1911), 161 Cal. 685, 688 [120 P. 26], it is declared that "A guardian . . . is an officer of the court, whose every act must depend for its authority upon the order appointing him"; appeal from such order was held to effect an automatic stay; and the writ issued to restrain the guardian from taking possession of the property of his alleged incompetent pending the appeal. In *Guardianship of Walters* (1949), 93 Cal. App.2d 208, 215 [208 P.2d 713], the writ was issued "to stay all action by . . . [the] guardian, to take or to retain possession of" property of his alleged incompetent "until the final determination of the appeal from the order appointing a guardian" and from a subsequent order that he take such possession. And in *Firebaugh* v. *Burbank* (1898), *supra,* 121 Cal. 186, 190, it is declared that an appeal by the widow from a decree of distribution in an estate "suspended its execution, and until the determination of that appeal the executors were not only precluded from distributing the estate in accordance with its terms, but were required to retain the property in their care and custody." (See, also, *Estate of Sam Lee* (1945), *supra,* 26 Cal.2d 295, 296, in which it is stated that appeal from an order appointing the public administrator as administrator of decedent's estate "automatically stayed any further act by" such administrator pending outcome of the appeal; however, the writ was denied without prejudice with the statement that "In view of this statutory stay it may not be assumed that further proceedings, pursuant to the orders appealed from, will be attempted.") These cases are clear precedent for issuance of the writ to both the court and the executor in the present case, prohibiting distribution of the estate pending outcome of the appeals.

It is our further view that the writ is not only warranted but required where, as here, the executor has already made distribution of $300,000 under the order of September 26, despite the fact that appeal therefrom effected a statutory stay; and, in addition, counsel for the executor asserted in oral argument before this court "that even though there is a statutory stay, *supersedeas* is not in order here for the reason that the executor could act at his peril if he desired to do so." In this connection, it should be borne in mind that the bond of the executor is only $100,000, and that in dis-

tributing under the September 26 order the executor has already acted at his own peril in relation to the claims of petitioners. Moreover, the order of February 6, 1951, for distribution of $1,000,000 was made during pendency of the statutory stay under the prior appeal, although counsel for the executor has informed this court that distribution thereunder will not be made "until this appeal is disposed of."

 Respondents further contend that in any event the writ should not apply to distributions made "before the *supersedeas* becomes effective." In *Messenkop* v. *Duffield* (1930), 211 Cal. 222, 225 [294 P. 715], relied upon by respondents, a judgment decreeing plaintiff entitled to possession of certain property was completely executed before the supersedeas became effective, and the writ of supersedeas by which defendant-appellant sought restoration to possession, was denied. In the present case the executor made distribution of the $300,000 under the two orders of August 22, prior to the filing of notices of appeal therefrom on October 3, 1950, and therefore such distribution was not in violation of any statutory stay nor, obviously, can it be prevented by any order now to be made. The distribution under the order of September 26, 1950, clearly was in violation of the statutory stay and at the peril of the executor. Whether the temporary stay order entered by the District Court of Appeal on November 15, 1950, was effectively dissolved by that court through its decision of December 28, 1950, or was automatically continued in effect by our order granting a hearing and transferring the cause to this court, we need not now determine. In neither event could the writ now to issue actually prevent the doing of that which has already been done, nor does it appear necessary or desirable in this proceeding to consider whether restitution must be made. We deem it proper, therefore, to limit operation of the writ to further distributions.

It is ordered that the writ of supersedeas issue to both trial court and executor staying any further distribution under the orders heretofore entered, pending outcome of the pertinent appeals; bond is not required of petitioners as a condition of the writ.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., Traynor, J., and Spence, J., concurred.

Respondents' petition for a rehearing was denied July 19, 1951.