[Civ. No. 28681.   Second Dist., Div. Two.   Nov. 10, 1964.]

Estate of FLORENCE E. COLYEAR, Deceased. ELIZA-
BETH COLYEAR DIBLE, Individually and as Co-
trustee, etc., Plaintiff and Appellant, v. FRED E.
NOLEN, as Cotrustee, etc., et al., Defendants and Re-
spondents.

Val Linton, John E. Sisson and John E. Sisson, Jr., for Plaintiff and Appellant.

Henry O. Wackerbarth, in pro. per., Belcher, Henzie & Biegenzahn and Frank B. Belcher for Defendants and Respondents.

HERNDON, J.—Petitioner herein seeks a writ of supersedeas to stay the enforcement of the order of the probate court denying her the relief which she sought by her petition for instructions as cotrustee of the testamentary trust created by the will of Florence E. Colyear, deceased. Said will was admitted to probate on August 17, 1953.

This will provided that, although petitioner and her brother were to act as cotrustees with broad powers to deal with the corpus of the trust, as to certain corporate stock which constituted the major asset of the trust and which constituted a majority of the stock of the Colyear Motor Sales Company, the voting rights were not given to the present petitioner but rather were vested exclusively in her original cotrustee or in certain other named persons as his successor in the event of his death or incapacity. These testamentary provisions were specifically incorporated into all subsequent orders of the court including: (1) "Decree Determining Interests in Estate" entered November 17, 1958; (2) "Order Made Pursuant to Compromise, Agreement and Stipulation Re Petition to Remove Executor" dated July 3, 1960; (4) "Order Appointing Fred E. Nolen as Successor Co-trustee" dated February 2, 1961; and (5) "Order Settling Sixth and Final Account and Supplement Thereto, Report, and Decree of Distribution Under Will, and Order Establishing Lien on Assets of Trust Estate and Income Thereon," dated September 27, 1961, all of which are final orders.

In the "Decree Determining Interests in Estate" entered

November 17, 1958, it was provided: "EIGHTH: In the event
of the death, inability or refusal of Richard C. Colyear [the
original cotrustee] to act as such Trustee under this trust,
either before or after he has entered upon the discharge of
his duties as such, then and in that event the following
named persons or institution, in the following order, shall
be appointed as successor or substituted Trustee hereunder,
viz: (1) FRED E. NOLEN, of Los Angeles, California,
(2) HENRY O. WACKERBARTH, of Covina, California,
(3) BANK OF AMERICA NATIONAL TRUST & SAVINGS ASSOCIA-
TION, a National Banking Association of the State of Cali-
fornia. . . . ELEVENTH: The uses, purposes, powers, duties,
discretions, obligations and liabilities upon which said Trus-
tees shall hold, possess and administer said trust estate are
as follows: . . . To vote all corporate stocks or other voting
rights or interest—by proxy or otherwise—in such manner
as the Trustees may elect; provided, however, (a) during the
term of this trust Richard C. Colyear shall have *the sole right,
power and authority to vote, for any and all purposes,* all of
the shares of the capital stock of Colyear Motor Sales Com-
pany held, owned or controlled by this trust; and (b) in the
event of the death, inability, failure, neglect or refusal of
Richard C. Colyear to vote said shares of capital stock of the
Colyear Motor Sales Company, then and in that or either
of said events, said power and authority to vote said stock
shall be vested in two of the following named persons or
institutions, acting jointly, in the following order, viz:
(1) Fred E. Nolen and Henry O. Wackerbarth, (2) Fred E.
Nolen and Bank of America National Trust & Savings
Association, (3) Henry O. Wackerbarth and Bank of Amer-
ica National Trust & Savings Association, even though said
persons or institutions shall not have succeeded Richard C.
Colyear as trustee hereunder." (Italics added.)

Petitioner challenged the validity of these voting arrange-
ments (and other portions of the decree) by appeal taken
therefrom. This appeal, however, was dismissed by reason
of the "Order Made Pursuant to Compromise, Agreement
and Stipulation Re Petition to Remove Executor" dated June
1, 1960. This compromise agreement provided, among other
matters, that petitioner would be entitled to participate in
the nomination of two of the five directors of the Colyear
Motor Sales Company, and that it would be the general policy
of the company to declare annual dividends of not less than
$200,000. Such dividend policy was "to obtain unless, in the

opinion of a majority of the directors of said corporation, *and because of some presently unanticipated contingency or condition* the declaration of a dividend in said amount would not be in the best interests of Colyear Motor Sales Company.'' (Italics added.)

This compromise agreement further provided that ''The Estate of Florence E. Colyear, deceased, and all parties interested in said Estate, . . . waived all objections to the transactions and business dealings of the company that had taken place prior to January 1, 1960.'' It was expressly stated, however, that ''This waiver does not constitute a precedent for nor approval of future transactions.''

This agreement further provided that a certain paragraph of the will, which petitioner felt explained and restricted the powers given to her brother, the original cotrustee, should be included in any decree of distribution thereafter made. This paragraph provided: ''SEVENTEENTH: In this Will and the trust created therein I have endeavored to treat both of my children alike; that in vesting certain powers in my son Richard alone I have done so knowing that from his business experience and his loyalty to his sister and her children that he will at all times protect the interests of my daughter and her children.''

The order for preliminary distribution thereafter made and entered on July 8, 1960, contained this paragraph and further provided that in the event any of the parties named to succeed Richard C. Colyear as original cotrustee should so succeed him, ''then and in that event said person or institution is hereby granted and vested with all of the rights, powers, privileges and discretions hereby granted to and vested in the said Richard C. Colyear alone and in Richard C. Colyear and Elizabeth Colyear Dible as such Trustee or Trustees, *and said person or institution is hereby charged with the duties, liabilities and obligations herein imposed upon the said Richard C. Colyear alone and Richard C. Colyear and Elizabeth Colyear Dible as such Trustees.''* (Italics added.)

It seems apparent from the proceedings above recited that, despite the broad voting powers given to Richard C. Colyear and his successors, it was never the intention of the petitioner, in entering into this agreement and in dismissing her appeal, to relinquish all her rights to control, or to challenge the control by her cotrustee, of the corporation whose stock formed the primary asset of the estate. Neither does any of the orders and decrees entered in the probate proceedings so provide.

It appears that following the death of Richard C. Colyear, respondent Fred E. Nolen succeeded him as cotrustee, and that he, in conjunction with respondent Henry O. Wackerbarth, has been entitled to vote the shares of stock owned by the trust. However, petitioner alleges, and respondents admit, that on July 10, 1964, Fred E. Nolen and the other members of the board of directors of the corporation resolved to sell all of its assets for cash to a competitor, and that respondents, purporting to act under their authority to vote the controlling shares of stock held by the trust, intend to approve such resolution of the board of directors.

The effect of this action upon the trust is self-evident and of major and vital importance. In her petition filed with this court, petitioner alleges that upon receiving notice of these facts, she "sought the instructions of the Court as to whether the conduct of said Fred E. Nolen and Henry O. Wackerbarth constituted a violation of the terms of the Orders establishing such trust, and as to whether petitioner as cotrustee had the right, duty, power or authority to approve or disapprove said sale, or to exercise such voting rights as cotrustee with respect to such sale, and as to whether petitioner as co-trustee was chargeable with any or all risks of loss, litigation, damage or injury to the trust estate arising from such sale."

Without in any way attempting to pass upon the validity of the trial court's order made in response to this request for instructions, it appears obvious that such request was not entirely frivolous because none of the prior orders, nor the compromise agreement upon which they were based, appears to contemplate or to authorize on its face, or within its spirit, the ex parte disposition of the entire assets of this going corporation whose majority stock ownership constituted the principal asset of the trust but whose voting rights were now being exercised by a cotrustee and a stranger to the trust, neither of whom were beneficiaries of the trust. Certainly the propriety of such an exercise of these rights in this fashion would appear to be the proper subject matter of inquiry by the court empowered to supervise the administration of this trust.

After petitioner's request for instructions came on for hearing, the court below filed its order on September 3, 1964, wherein it declared that it had examined the orders previously entered in these probate proceedings and "having examined into the law, *and having ruled that no question of*

*fact was raised by the petitions herein, and having denied the introduction of evidence by petitioner, and having decided the questions as a matter of law,"* it denied the petition for instructions filed by petitioner. (Italics added.) This order further "ordered, adjudged and decreed . . . that the right and authority to vote the stock of Colyear Motor Sales Company held in the Trust Estate is vested exclusively in Fred E. Nolen and Henry O. Wackerbarth for any and all purposes, *including the purpose of voting on a sale or transfer of the assets of Colyear Motor Sales Company."* (Italics added.)

Petitioner filed her notice of appeal from this order and now requests that we issue a writ of supersedeas staying respondents from exercising the power expressly given them by this order to vote the trust's stock to approve a sale of the assets of the corporation during the pendency of her appeal. Respondents not only admit that they intend to exercise such power and to sell the assets of the corporation, but further assert that our order staying enforcement of the order of September 3, 1964, will not prevent them from so doing for the reason that their power so to do is clearly and conclusively vested in them by the prior final orders entered in the probate proceedings.

We cannot agree with this contention. Whether or not respondents had the power to vote the controlling shares of stock held by the trust in this fashion is the very issue that was presented to the trial court by the request for instructions and the very issue to be resolved on the appeal now pending therefrom.

"The correctness of the decision of the trial court (at least when it is not apparent on the face of the record, and it is not so apparent here) is not involved in a supersedeas proceeding; it 'is not the function of such a writ to reverse, supersede or impair the force of, or pass on the merits of the judgment or order from which the appeal is taken; the validity of such judgment or order is to be reviewed on the appeal therefrom. [Citations.] Its purpose is merely to suspend the enforcement of the judgment pending the appeal.' [Citation.] Determination of the issue of petitioners' interest in the estate must therefore await decision on the appeals." (*Estate of Dabney,* 37 Cal.2d 402, 406-407 [232 P.2d 481].)

It appears to be respondents' contention that by reason of the earlier orders of the probate court, now final by reason of the compromise agreement heretofore referred to, authoriz-

ing this separation of ownership and voting rights in the stock, the court itself has lost all jurisdiction to supervise the manner in which this right is exercised. Initially it might be noted that such contention is directly contrary to the terms of section 1120, Probate Code, dealing with the jurisdiction of the court over testamentary trusts following final distribution.

Secondly, and more importantly, since we are not here called upon to pass upon the merits of petitioner's pending appeal, we need only look to the agreed facts to determine whether or not supersedeas is required to maintain the status quo pending this appeal. That is, we may assume, without deciding, the correctness of respondents' contention that a dichotomy of ownership and voting rights in stock of the instant variety is not improper, per se. We may further assume, without deciding, that by reason of the orders of the court made following, and in conformity with, the compromise agreement of the parties, respondents were entitled to vote the corporate stock in all matters affecting the corporation's business affairs in any manner not inconsistent with the terms of said agreement. Nevertheless, we cannot hold, as a matter of law, that such restricted orders authorized the respondent cotrustee and his respondent voting partner to determine to dispose of all of the corporate assets without any further authorization by the probate court following a factual determination as to the propriety of such sale as it affects the trust.

It will be recalled that under the terms of the compromise agreement, in consideration for which petitioner dismissed her appeal challenging this voting arrangement, petitioner was given the power to participate in the naming of two of the corporation's directors and was assured that the policy of the corporation would be to declare an annual dividend of not less than $200,000 unless ''because of some presently unanticipated contingency or condition the declaration of a dividend in said amount would not be in the best interests of Colyear Motor Sales Company.'' Further, the agreement expressly provided that although petitioner waived all objections to the transactions and business dealings of the company that had taken place prior to January 1, 1960, this waiver was not to ''constitute a precedent for nor approval of future transactions.'' In the face of such an agreement, it would not appear that *as a matter of law* respondents necessarily would be entitled to sell the assets of the corpora-

tion for cash and thereby effectively terminate the provisions of the agreement relating to the naming of directors and the policy regarding annual dividends.

■ Further, the instant order of the court which authorizes such a sale, and which is now being attacked by the pending appeal, states on its face that the court "denied the introduction of evidence by petitioners." If this means that this sale may be made without the petitioning cotrustee and the beneficiaries of the trust being able to challenge the fairness of the terms of the sale as it affects the trust, such a determination certainly would appear to present a justiciable issue that could only be resolved on the pending appeal from the order.

It is true that the order also states that the court had "consulted at length in Chambers with counsel for all parties . . . and counsel for all of the parties appearing in this proceeding [had] conceded during such conference in Chambers that it appeared to be for the best interests of all parties concerned that the assets of Colyear Motor Sales Company be sold. . . ." We need not attempt to determine in this preliminary proceeding whether such a "concession" would be binding on the parties hereto in order to hold that even such a "concession" does not alter the fact that the petitioning cotrustee is asserting as forcefully as possible her right to have the court determine *as a question of fact* the propriety of *this particular sale* as it affects the trust.[1]

■ It is, therefore, the conclusion of this court that a writ of supersedeas must issue inasmuch as (1) a proper and legitimate issue is presented by the pending appeal concerning the voting rights of respondents as determined therein; (2) the exercise of such rights by respondents prior to a determination of this appeal would wholly defeat the purposes of the appeal and prevent petitioning co-trustee and the beneficiaries of the trust from effectively challenging the proposed sale; and (3) respondents concede that absent the issuance of our writ, they will promptly proceed to effect such sale notwithstanding petitioner's pending appeal.

■ Since the order appealed from requires no act to be performed by appellant for the benefit of respondents or in

---

[1]The papers filed by both parties with this court indicate that in another proceeding presently pending in the lower court, petitioner is asserting that it is in the best interests of the trust to sell its controlling stock for $8,000,000 rather than to receive the approximately $7,000,000 which would represent its share of the proposed cash sale of the corporate assets.

pursuance of the directions of the order appealed from, no bond may be required from appellant in order to effect the stay of proceedings. (*Estate of Dabney, supra,* 37 Cal.2d 402, 407-408.)

■ Respondents' contentions regarding the inability of this court to issue an injunction under the guise of a writ of supersedeas, of course, are correct, but they have no applicability where, as here, the power of respondents to act in the fashion proposed was authorized with clarity only by the challenged order. The correctness of this authorization being the very issue to be determined by the appeal, and since its correctness is not indisputable on the face of the record, respondents must await decision on the appeal before exercising such power. (*Estate of Dabney, supra,* at pp. 406-407.)

It is ordered that the writ of supersedeas issue, both to the trial court and to respondents, staying any further exercise of the voting power of the corporate stock here involved for the purpose of effecting a sale of the assets of the corporation under the order heretofore entered, pending outcome of the pending appeal; no bond is required of petitioner as a condition of the writ.

Roth, P. J., and Kincaid, J. pro tem.,* concurred.

A petition for a rehearing was denied December 2, 1964, and respondents' petition for a hearing by the Supreme Court was denied January 6, 1965.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.