[Civ. No. 28844. First Dist., Div. Four. Apr. 7, 1971.]

Estate of JAMES T. MURPHY, Deceased.
WELLS FARGO BANK, Plaintiff and Respondent, v.
THOMAS K. BEARD et al., Defendants and Appellants.

**COUNSEL**

Kimble, MacMichael & Jackson, Joseph C. Kimble, Jon Wallace Upton and A. M. Frad for Defendants and Appellants.

Rea, Frasse, Anastasi, Clarke & Lewis, Burnett, Burnett, Keough, Cali, Bishop & Baker, John M. Burnett, Hoge, Fenton, Jones & Appel and Charles H. Brock for Plaintiff and Respondent.

**OPINION**

**DEVINE, P. J.**—Appellants seek writ of supersedeas to stay execution of an order terminating and distributing the corpus of a $2 million testamentary trust, pending an appeal from the order. The trial court granted a stay on condition that appellants execute and file an undertaking of $175,000. Appellants contend that they are entitled to an automatic stay without an undertaking and that supersedeas should issue as a corrective measure. (*Estate of Dabney,* 37 Cal.2d 402, 408 [232 P.2d 481].) The issue before us is whether Code of Civil Procedure section 917.9[1] authorizes an undertaking as a condition for a stay when the judgment appealed from does not require performance by appellants.

The problem is to determine the intent of the Legislature in its 1968 recodification of statutory provisions for stays pending appeal, in which former sections 942-949a were replaced by present sections 916-923. (Stats. 1968, ch. 385, §§ 1-2, pp. 816-820.) Former section 949, the counterpart of present section 917.9, provided that except as provided in sections 942, 943, 944, and 945,[2] none of which is applicable here, "the perfecting of an appeal stays proceedings in the court below upon the judgment or order appealed from; but the court in its discretion may require an undertaking in an amount to be fixed by it conditioned for the performance of the judgment or order appealed from if the same is affirmed or the appeal is dismissed." It was held that the language "conditioned for the performance of the judgment" in section 949 meant that the trial court could require an undertaking only in cases where the appellant was adjudged to have money or other property in his possession belonging to the

---

[1]Unless othewise specified, all code references are to the Code of Civil Procedure.

[2]Section 942 dealt with money judgments; section 943 with judgments appointing receivers or directing the assignment or delivery of documents or personal property; section 944 with judgments directing the execution of an instrument; and section 945 with judgments directing the sale or delivery of possession of real property. All of these sections required either an undertaking or deposit of the property or instrument with the court as a condition for a stay of enforcement of the judgment.

respondent, or was required under the judgment to perform some act for the benefit of the respondent; in all other cases, section 949 provided for an automatic stay without bond. (*Jensen* v. *Hugh Evans & Co.,* 13 Cal. 2d 401, 406 [90 P.2d 72]; see also, Comment, *Discretionary Requirement of Bond for Stay of Execution in California,* 23 Cal.L.Rev. 602.) Decrees of distribution which require no performance by the appellant were stayed without bond. (*Estate of Dabney,* 37 Cal.2d 402, 407 [232 P.2d 481], and cases cited therein.)

The 1968 recodification retained the general statutory plan for stays by the trial court. Former sections 942-945 were replaced by present sections 917.1-917.5. Section 949 was replaced by section 917.9, but with a significant change in language. Section 917.9 reads: "The perfecting of an appeal shall not stay enforcement of the judgment or order in cases not provided for in Sections 917.1 through 917.8 if the trial court, in its discretion, requires an undertaking and such undertaking is not given. The undertaking shall be in a sum fixed by the court and shall provide that if the judgment or order appealed from or any part of it is affirmed, or the appeal is withdrawn or dismissed, the appellant will pay all damages which the respondent may sustain, by the taking of such appeal, but not to exceed the amount of the undertaking."

■ We conclude that section 917.9 is not merely a recodification of former section 949, but that the changes in language reflect a legislative intent to broaden the trial court's authority to require an undertaking as a condition for a stay. The phrase "conditioned for the performance of the judgment or order appealed from," which was the basis for decisions limiting undertaking to cases requiring performance by the appellant, was eliminated from the new statute. Instead, section 917.9 provides that the "appellant will pay all damages which the respondent may sustain," rather than only those damages caused by appellant's failure to perform the judgment.

Changes in language in other code sections also indicate that substantive changes were intended. Former section 942 provided that in appeals from money judgments, execution would not be stayed unless an undertaking were filed to the effect that "the *appellant* will pay the amount directed to be paid by the judgment or order." (Italics added.) Section 917.1 now states that an appeal will not stay enforcement of a judgment directing the payment of money "whether payable by the *appellant or another party* to the action" unless an undertaking is given to the effect that "the *party* ordered to pay shall pay the amount directed to be paid by the judgment or order" (italics added).

Similarly, while former section 943 provided that judgments to assign,

deliver or sell personal property would not be stayed unless the property was deposited in the custody of the court or an undertaking was executed to insure performance by the appellant, present section 917.2 requires protective measures regardless of whether performance is demanded of "the *appellant or another party* to the action" (italics added).

Former section 945, dealing with judgments for the sale or delivery of possession of real property, required an undertaking to the effect that "during the possession of such property by the *appellant, he* will not commit, or suffer to be committed any waste thereon" (italics added). Section 917.4, on the other hand, requires an undertaking to insure that "the *appellant or the party* ordered to sell, convey or deliver possession of such property" will not commit waste. (Italics added.)

The changes in language indicate the Legislature's recognition that injury to the respondent can result from a stay even where the appellant is not required to perform under the judgment. Where the value of the property in question is subject to diminution during appeal, the respondent may need protection. Equity demands that, as between respondent and appellant, the appellant who seeks the stay should assume the risk. (See Comment, *California Stay Law—Supersedeas and Statutory,* 40 Cal.L.Rev. 249, 273-275.) We conclude, therefore, that the new statutory stay provisions, and in particular, section 917.9, authorize the trial court to impose an undertaking to protect the respondent from any loss of benefits during an appeal, regardless of whether the loss may be caused by appellant or another party. The trial court acted within its discretion in conditioning a stay on filing of an undertaking, and an undertaking in the amount of $175,000 is not unreasonable considering the value of the trust property.

Although we are of the opinion that there was no violation of appellants' rights to a statutory stay, we nevertheless believe that unusual circumstances are present in this case which warrant the exercise of our discretion as an appellate court to issue a writ of supersedeas despite the existence of a statutory remedy. (Code Civ. Proc., § 923;[3] *Davis* v. *Custom Component Switches, Inc.,* 13 Cal.App.3d 21, 27 [91 Cal.Rptr. 181].)

The trust in this case was extraordinarily complex, involving hundreds of beneficiaries and claimants, represented by 13 sets of attorneys. The decree of distribution consists of 52 legal size pages. The appeal presents substan-

---

[3]Code of Civil Procedure section 923 reads: "The provisions of this chapter shall not limit the power of a reviewing court or of a judge thereof to stay proceedings during the pendency of an appeal or to issue a writ of supersedeas or to suspend or modify an injunction during the pendency of an appeal or to make any order appropriate to preserve the status quo, the effectiveness of the judgment subsequently to be entered, or otherwise in aid of its jurisdiction."

tial issues relating to the interpretation of the trust terms and the administration of the trust.[4] Should the trust property be distributed and appellants later prevail on appeal, the task of recovering the property and redistributing it would be enormous. Many of the beneficiaries reside in other states, which would further complicate the litigation which might follow. At least some of the appellants (claimants to an interest in the trust) are of limited financial means, and a $175,000 undertaking may be prohibitive. The trustee is a reputable financial institution, so there is little likelihood that delay in distribution may result in the beneficiaries' not realizing the fruits of the judgment.

We believe the potential damage which may result to appellants in allowing the estate to be distributed at this time outweighs the hardship to respondent in postponing distribution. Moreover, any hardship which may be occasioned by delay can be mitigated by expeditious prosecution and determination of the appeal. The record on appeal has already been filed. No extensions of time will be granted for preparation of briefs and argument. The case has been briefed thoroughly in the superior court and it would seem that the parties may adopt their former briefs or enlarge or revise them readily. It should be satisfying to all parties to have an early decision on the merits of the appeal. Accordingly, we deem it appropriate to grant the supersedeas without bond, but with conditions to insure diligent prosecution of the appeal. (Cal. Rules of Court, rule 49; *Davis* v. *Custom Component Switches, Inc., supra,* 13 Cal.App.3d at pp. 31, 33.) We have placed the cause on the June 1971 calendar, about two months hence.

A word of caution is in order at this point for the benefit of judges of the superior court. Since we have held that an undertaking may be required as a condition of stay of distribution, the questions whether such undertaking should be exacted and, if so, in what amount, should be decided without considering the possibility of extraordinary advancing of the appeal. This should be left to the Court of Appeal. It happens that in this particular case, because of the completion of the record, the nature of the briefing

---

[4]Under the provisions of the will of James T. Murphy, who died in 1898, property was placed in trust, with the income going to Murphy's daughter, Wilhemina, for life. Upon Wilhemina's death, the corpus was to go to her children; if she died without children, the corpus would go to Murphy's 16 named nieces and nephews. Subsequently, many of the nieces and nephews assigned their interests. Wilhemina died in 1968, childless; all 16 nieces and nephews predeceased her. Basically, the issue is whether the interests of the nieces and nephews were contingent upon their surviving Wilhemina and hence nonassignable, or whether their interests were vested and therefore assignable. The trial court ruled that the nieces and nephews had vested interests. Other issues on appeal involve the liability of the trustee for a decrease in the value of stocks and bonds included in the corpus, and the possible conflict of interest of the trustee and its attorneys.

already done, and the condition of the court's calendar, the appeal can be disposed of within a fairly short time. But because these matters can only be determined by the appellate court as each case arises, the decision of the superior court should not be made upon these considerations.

The petition for a writ of supersedeas is granted and the enforcement of the order of distribution is stayed pending the outcome of the appeal. The appellants' briefs will be filed within the minimum periods of time specified by the California Rules of Court. Should appellants fail to comply with this requirement, an application to terminate this stay will be entertained.

Rattigan, J., and Christian, J., concurred.