988 F.2d 121
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mason H. ROSE, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 91-56332.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 3, 1993.
Decided March 5, 1993.
 
 Appeal from the United States District Court for the Central District of California; No. CV-87-8458-JGD, John G. Davies, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before WALLACE, Chief Judge, and SNEED and CYNTHIA HOLCOMB HALL, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Mason H. Rose appeals from the dismissal on summary judgment of his claim against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-80, arising out of a United States Marshal's alleged negligence in processing the execution sale of Rose's house pursuant to a money judgment against Rose. The district court had jurisdiction under 28 U.S.C. § 1346(b), and this Court has jurisdiction over Rose's timely appeal under 28 U.S.C. § 1291. We affirm.
 
 
 3
 A grant of summary judgment is reviewed de novo, applying the same standard used by the trial court under Federal Rules of Civil Procedure 56(c) to determine whether there are any genuinely disputed issues of material fact and whether the district court correctly applied the substantive law. Coverdell v. Dep't of Soc. & Health Serv., 834 F.2d 758, 761-62 (9th Cir.1987). To withstand summary judgment, Rose must show by admissible evidence the existence of those elements essential to the case on which he will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The more implausible the claim, the more persuasive the evidence required. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).
 
 
 4
 * Rose argues that the district court erred in granting summary judgment for the United States on the ground of absolute immunity under the FTCA because federal marshals only have that immunity when exercising due care. See 28 U.S.C. § 2680(a) (1988). He claims that because the marshal failed to exercise due care--indeed, deliberately violated one state law--the district court erred in finding the absolute immunity statute applicable. Because we find that Rose has failed to establish any claim of actionable negligence, we do not decide whether the marshal's conduct was shielded by immunity.
 
 II
 
 5
 Rose argues that the district court erred in finding that the evidence revealed no negligence or wrongdoing by the marshal. Because the unrebutted evidence shows that the marshal violated sections 704.750(a) and 916(a) of the California Code of Civil Procedure, Rose claims, negligence must be presumed.
 
 
 6
 Under the FTCA, the liability of the United States is judged pursuant to the law of the state where the negligence allegedly occurred. Richards v. United States, 369 U.S. 1, 11 (1962). The claim arose in California, and therefore liability is determined under California law. To establish a triable claim of actionable negligence under California law, Rose must show, or at least raise a genuine issue of fact as to, three elements: the marshal's legal duty of care; the marshal's breach of such legal duty; and the breach as the proximate cause of the resulting injury. 6 B.E. Witkin, Summary of California Law § 732 (9th ed. 1988).
 
 
 7
 Rose complains that the United States Marshal failed to abide by state law procedure in a federal civil proceeding to enforce a judgment against him. The Federal Rules of Civil Procedure provide that procedure on execution of a judgment in a federal court "shall be in accordance with the practice and procedure of the state in which the district court is held, ... except that any statute of the United States governs to the extent that it is applicable." Fed.R.Civ.Proc. 69(a). Accordingly, the marshal was obliged by federal law to comply with California's execution procedures, including its special procedures for executing upon a homestead. Rose has established, at least for purposes of summary judgment, that the marshal did not comply with the state execution procedures.
 
 
 8
 California law provides that violation of a statute creates, under certain conditions, a rebuttable presumption of negligence. Cal.Evid.Code § 669(a) (West Supp.1993); Little v. Community Bank, 286 Cal.Rptr. 4, 6 (Cal.App.1991).[1] Rose argues that those conditions are met here, and that in light of the government's failure to rebut the presumption, he has made a sufficient showing to at least defeat summary judgment for the government.
 
 
 9
 To establish a presumption of failure to use due care from breach of a statute, four conditions must be met: (1) violation of the statute; (2) the violation proximately caused injury to person or property; (3) the injury resulted from an occurrence of the nature which the statute was designed to prevent; and (4) the person injured was among the class of persons for whose protection the statute was adopted. Cal.Evid.Code § 669(a)(1)--(4) (West Supp.1993). We address each statutory violation in turn.
 
 
 10
 A. Violation of Notice-and-Release Provision
 
 
 11
 Rose first claims that the marshal was negligent in failing to serve notice upon the judgment creditor after the marshal levied upon Rose's property, and in failing to release the property after he received no application for an order of sale.
 
 Section 704.750(a) states:
 
 12
 Promptly after a dwelling is levied upon ..., the levying officer shall serve notice on the judgment creditor that the levy has been made and that the property will be released unless the judgment creditor complies with the requirements of this section.... Within 20 days after service of the notice, the judgment creditor shall apply to the court for an order for sale of the dwelling and shall file a copy of the application with the levying officer. If the judgment creditor does not file the copy of the application for an order for sale of the dwelling within the allowed time, the levying officer shall release the dwelling.
 
 
 13
 Cal.Civ.Proc.Code § 704.750(a) (West 1987).
 
 
 14
 For purposes of this appeal, Rose has established that the marshal violated the statute. Rose is among the class of persons for whose protection the statute was adopted. See Little v. Community Bank, 286 Cal.Rptr. 4, 6-7 (Cal.App.1991); Viotti v. Giomi, 41 Cal.Rptr. 345, 349 (Cal.App.1964).
 
 
 15
 Nevertheless, "mere proof of negligence on the part of a defendant does not complete the circuit of proof of his liability. To make him legally liable, the negligence of the defendant must be fastened to the injury.... Before negligence is actionable, a causal connection must be shown to have proceeded in unbroken course from the so-called negligent act to the injury." Spencer v. Beatty Safway Scaffold Co., 297 P.2d 746, 750-51 (Cal.App.1956). Rose fails to produce evidence of any ascertainable injury that was proximately caused by the marshal's failure to serve notice or release the levy.
 
 
 16
 Mrs. Rose received the full $45,000 homestead exemption to which the Roses would have been entitled had a hearing been held and the entitlement to exemption been determined by a court. Although Appellant argues that he would have been entitled to receive the homestead exemption had the homestead exemption been determined before the Roses became divorced, pursuant to the statutory procedures, he produced no evidence to support this claim. The homestead laws suggest the opposite. See Cal.Civ.Proc.Code §§ 704.710(d), 704.720(c), 703.110(c) (West 1987). Furthermore, Rose's allegations fail to show that the marshal's conduct was a proximate cause of any loss he may have sustained. Rose received notice at the time the property was levied upon stating "You may claim any available exemption for your property. A list of exemptions is attached." If Rose did not know about homestead exemptions, he certainly was on notice that he should have looked into the matter at that time.
 
 
 17
 Rose also alleged as injury that the bid accepted was insufficient to satisfy all liens and encumbrances on the property, as required by section 704.800(a) of the homestead exemption laws. The bid accepted was sufficient to satisfy the homestead exemption plus prior liens and encumbrances on the property. See Cal.Civ.Proc.Code §§ 704.720(a), 704.800 (West 1987). Rose has not made the slightest showing that the creditor's failure to discover a subsequent lien was caused by the marshal's omission. Despite the marshal's failure to serve the required notice, the judgment creditor did disclose liens on the property to the court and did obtain a court order for the sale, as envisioned by the statute. See Cal.Civ.Proc.Code § 704.760(c) (West 1987). Rose has not shown that notifying the judgment creditor according to statute would have enabled her or the court to discover the additional lien.
 
 
 18
 In sum, violation of this statute does not establish a presumption of negligence on the part of the marshal because there was either no injury to Rose or no causation stemming from the violation.
 
 B. Violation of Automatic Stay
 
 19
 Rose next argues that the marshal was negligent in executing a conveyance of the property after Rose informed the marshal that he had filed a notice of appeal and of California's automatic stay provision, section 916(a) of the civil procedure code.
 
 Section 916(a) provides:
 
 20
 Except as provided in Sections 917.1 through 917.9 and in Section 116.810, the perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected thereby, including enforcement of the judgment or order....
 
 
 21
 Cal.Civ.Proc.Code § 916(a) (West 1987 & Supp.1993). A stay of execution suspends the right to enforce the judgment and prevents any further enforcement proceedings. 9 B.E. Witkin, California Procedure §§ 174-75 (3d ed. 1985); In re Dabney's Estate, 232 P.2d 481, 484 (Cal.1951). One who violates a statutory stay does so at his peril. Id. at 486.
 
 
 22
 A number of the exceptions to section 916(a) are relevant to this case, see Cal.Civ.Proc.Code §§ 917.3, 917.4, 917.9 (West 1987), but there are no California decisions directly in point to clarify whether Rose was indeed entitled to an automatic stay. We assume for purposes of this decision that under California law, and hence in the federal court action, Fed.R.Civ.Proc. 62(d), Rose was entitled to an automatic stay.
 
 
 23
 Nonetheless, Rose cannot prevail, as he fails to demonstrate any injury proximately caused by the marshal's violation of the stay. As a practical matter, a stay is only of value insofar as it protects the status quo pending appeal and an appeal is of value only insofar as it offers a probability of reversing the order below. Rose demonstrates no likelihood that he would have prevailed on appeal. Moreover, there is no showing he could not have appealed the denial of the stay of execution, seeking money damages or seeking to have the sale set aside. See Cal.Civ.Proc.Code § 701.680(c)(1) (West 1987) (remedy available within six months of sale where purchaser is judgment creditor). During the interval between the execution of the marshal's deed and the judgment creditor's conveyance to a third party, Rose could have pursued additional relief in the district court. See generally 8 B.E. Witkin, California Procedure §§ 154-60 (3d ed. 1985) (describing remedies for improper execution sale).
 
 
 24
 We hold that the alleged violation of this statute fails to raise a triable issue as to the marshal's negligence.
 
 III
 
 25
 Finally, Rose alleges that the marshal negligently disobeyed material provisions of the court order directing the sale of the home by (1) executing the conveyance nearly a month after the order, rather than "forthwith," thereby leaving him responsible for costs that accrued during that interval; (2) conveying only Rose's interest to the judgment creditor, rather than both his and his ex-wife's interests, thereby permitting his ex-wife to make a separate deal, to his detriment; and (3) falsely reciting in the deed that the property was sold by public sale.
 
 
 26
 Rose has produced neither evidence nor law showing that it was a breach of a duty of care for the marshal to take nearly a month before executing the conveyance. For that matter, he has not shown that the meaning of "forthwith," as used in the court's order, referred to a date any sooner than the marshal's earliest convenience in the normal course of executing his duties. Rose produced no evidence to support his assertion that the marshal delayed execution in conspiracy with the judgment creditor.
 
 
 27
 As to injuries caused by stating in the deed that the marshal had "exposed said land to public sale," when in fact the sale had been by private bid, Rose offers no evidence to support his assertion that the false statement induced the title insurance company and lender to facilitate a sale of his house to a third party, when they would not have done so had they known the execution sale was a private sale. Even if true, it does not alter the fact that Rose would have lost the house regardless. Thus, there appears to be no injury from this act.
 
 
 28
 Finally, although the marshal did not comply with the exact terms of the order in conveying only Rose's interest by marshal's deed, the marshal's action was not the proximate cause of any injury to Rose. The marshal's error did not, as Rose asserts, enable the creditor to make a separate deal with Rose's ex-wife for much less than her share was worth. Rather, Mrs. Rose proposed a deal, and the deal was struck between Mrs. Rose and the creditor well before the marshal executed the deed. Not only did the alleged mistake not cause the injury Rose complains of, but it also appears that the marshal's 'faulty' execution of the deed complied with the district court's intention to permit Mrs. Rose to deed her interest separately.
 
 CONCLUSION
 
 29
 We affirm the district court's award of summary judgment for the government, on the ground that Rose has failed to raise a triable issue of fact regarding his claims of negligence on the part of the United States Marshal. The district court's judgment is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Apart from the statute, it has long been a doctrine of California law that violation of a statutory duty may establish negligent conduct. E.g., Alarid v. Vannier, 50 C.2d 617, 621 (1958) (violation of statute raises rebuttable presumption of negligence); Satterlee v. Orange Glenn School Dist., 29 C.2d 581, 588 (1947) (if evidence shows violation of statute proximately caused injury, no other proof of failure to use due care is required). Section 669 merely codifies the common law doctrine, and does not alter the showing a plaintiff must make. See Sagadin v. Ripper, 221 Cal.Rptr. 675, 689 (Cal.App.1985) (citing Cal.L.Rev.Comm'n. comment. to Cal.Evid.Code § 669 (West Supp.1992))