[Sac. No. 5404. In Bank.—January 27, 1941.]

FLORA J. WILLIAMS, Appellant, v. WELLS FARGO BANK & UNION TRUST COMPANY (a Banking Corporation) et al., Respondents.

Edwin H. Williams for Appellant.

George H. Johnston for Respondents.

EDMONDS, J.—In a partition action brought by Flora J. Williams, the court rendered a decree ordering the property sold and the proceeds divided in proportion to the interest of each party. She then appealed from that decree upon the ground that the property should be partitioned in kind, and now seeks a writ of *supersedeas* to stay all proceedings authorized by it until the decision upon her appeal.

The controversy concerns 310 acres of land, one-quarter of which, the superior court decided, is owned by the petitioner. The remaining three-fourths was decreed to be owned by the respondent Wells Fargo Bank & Union Trust Company, as trustee. The court further determined that the petitioner is entitled to partition, but that as it cannot be made in kind without great prejudice to the owners, a sale of the property is necessary. By other provisions of the decree the court appointed referees and directed them to sell the land, subject to confirmation, reserving the right to allow and apportion attorneys' fees, the expenses of sale, and costs in a final decree.

The petitioner contends that an appeal may be taken from an interlocutory decree which determines the rights of the

parties and directs that a partition be made, and that the perfecting of the appeal stays all proceedings upon the decree appealed from. The respondent's position is that no appeal lies from a decree which orders a partition of property by sale and not in kind. It is insisting upon a sale notwithstanding the pendency of the appeal, and the referees are proceeding to act under the provisions of the decree.

■ The decree appealed from is within the express terms of section 963 of the Code of Civil Procedure, which provides that ''An appeal may be taken . . . from such interlocutory judgment in actions for partition as determines the rights and interests of the respective parties and directs partition to be made . . . '' It determines the ownership of the real property involved and describes it as that ''herein ordered and adjudged to be partitioned and for the purpose of such partitionment . . . ordered and directed to be sold''.

Such a decree, this court has held, is one from which an appeal lies because the provisions concerning sale and confirmation merely state the action required to be taken in execution of its terms, and the order of confirmation to be later made will be one following final judgment. (*Hammond* v. *Cailleaud*, 111 Cal. 206 [43 Pac. 607, 52 Am. St. Rep. 167].) This is the logical and reasonable conclusion to be drawn from the applicable code provisions. Where property owned by cotenants cannot be divided without prejudice to the owners and one of them is entitled to a partition, the court may order it to be sold and then divide the proceeds in lieu of a partition in kind. But a sale of the property and division of the proceeds is a partition, and it would be a curious result to hold that a party may appeal from an interlocutory decree ordering a partition in kind but not from one ordering a sale.

The present case aptly illustrates the injustice which would result from the construction of the statute urged by the respondent. The petitioner's principal objection to the interlocutory decree relates to the method used by the court in dividing the property. She is insisting upon a partition in kind, asserting that the only present use of the land is for dry farming; for this reason she says, it is now of very little value, but if the ditch of a proposed irrigation project is located on the land its value will be materially increased, whereas a sale now would necessarily result in a low and inadequate price. Under such circumstances, the right to an

appeal before the sale and confirmation are had is particularly appropriate. And although the decree appealed from reserved the allowance of attorney's fees and costs of suit and other details until the final decree, it is clearly an interlocutory one within the meaning of section 963 of the Code of Civil Procedure.

■ In the absence of specific provision concerning an interlocutory judgment of partition under section 949 of the Code of Civil Procedure, the perfecting of an appeal stays proceedings in the lower court upon such a decree. And although that section allows the court in its discretion to require an undertaking in an amount to be fixed by it "conditioned for performance of the judgment or order appealed from", this language has been expressly interpreted to mean "that a bond may be ordered in such of those cases where the appellant was adjudged to have money or other property in his possession belonging to the respondent, or was required to perform some act for the benefit of the respondent or in pursuance of the directions of the judgment or order appealed from, and that in all other cases the provisions of the section should operate as a stay of proceedings without bond." (*Jensen* v. *Hugh Evans & Co.*, 13 Cal. (2d) 401, 406 [90 Pac. (2d) 72].) ■ For these reasons the appeal has stayed all proceedings upon the interlocutory decree and the petitioner does not require the writ of this court to that effect.

The petition is therefore denied.

Traynor, J., Carter, J., Shenk, J., Peters, J., *pro tem.,* Ward, J., *pro tem.,* and Gibson, C. J., concurred.