[Civ. No. 16574. Second Dist., Div. Two. July 28, 1948.]

ARBA LEWIS HUSTON, Appellant, v. GENEVA HUSTON, Respondent.

Benjamin D. Brown for Appellant.

Julius Blank for Respondent.

WILSON, J.—Plaintiff-appellant has petitioned this court for a writ of supersedeas to suspend proceedings pursuant to a judgment of the superior court awarding custody of the minor daughter of the parties to defendant-respondent.

In October, 1945, an interlocutory decree of divorce was granted to plaintiff and sole custody of the child was awarded to him. He has had custody ever since that date until May 20, 1948. Prior to the latter date a hearing was had on an order to show cause why the interlocutory decree should not be modified, the result of which was an order entered on March 19, 1948, awarding the custody to defendant, from which plaintiff immediately appealed. Subsequently defendant moved the court for an order fixing the amount of the undertaking to be given by plaintiff pending the appeal. On May 5, 1948, the court made an order that an undertaking to stay proceedings was required and fixed the amount at $20,000. At the same time, the child being present, the court ordered her to be ''forthwith committed to the custody of the juvenile hall department.'' The evidence showed that plaintiff owned property in Los Angeles County valued at over $50,000. The court stated that it had not been shown that plaintiff intended to leave the State of California pending the appeal, and the only reason given for fixing so large an amount was the court's belief that the appeal would not be successful and that plaintiff might thereupon leave the state.

Plaintiff alleges in his petition that a writ of supersedeas and temporary stay of proceedings is necessary for the reasons (1) that on a prior occasion after the separation of the parties defendant removed the child from this state and she was returned only after an order of the court was made therefor, and (2) if defendant now obtains custody it is likely that she will again remove the child from the jurisdiction of the

courts of this state, thus depriving plaintiff of his rights pending appeal and of the fruits of the appeal in the event, that the order should be reversed.

■ Defendant has filed no answer to plaintiff's verified petition for a writ of supersedeas and all allegations therein stated and above related will therefore be deemed by this court to be true. Defendant's sole response consists of a brief in opposition to the issuance of the writ containing both statements of alleged facts and argument. Since such response is not verified all statements of purported facts that are in conflict with the verified petition will be disregarded.

When the petition for a writ of supersedeas was filed this court issued an order to show cause why the writ should not issue and stayed proceedings in the superior court pending a hearing on the order upon the posting of an undertaking by plaintiff in the sum of $500. Disregarding the stay of proceedings the trial judge directed that the child remain in the custody of the juvenile authorities until the determination of the proceeding here. For the purpose of giving effect to our order it became necessary to issue a second directive that the child be delivered to plaintiff and that the superior court desist from attempting to enforce its own order until final judgment herein.

■ The sum of $20,000 fixed for the undertaking on appeal was arbitrary, excessive and an abuse of the discretion of the court. Not only was there no evidence that plaintiff intended to remove the child from this state and no evidence from which an inference to that effect could be drawn, but the court stated that no such showing had been made. The court merely surmised that plaintiff might leave the state if the order of the trial court should be affirmed.

■ Upon the showing made to this court plaintiff's petition for a writ of supersedeas should be and is granted staying all proceedings on the order made with reference to the custody of the child until final determination of the appeal from the order, the undertaking heretofore given by plaintiff to remain in force.

Moore, P. J., and McComb, J., concurred.