[Civ. No. 18545. Second Dist., Div. One. Feb. 8, 1952.]

RAISIN INVESTMENT COMPANY, Appellant, v. JOHN MAGGINETTI et al., Respondents.

Wolfson & Essey and Burnett L. Essey for Appellant.

Charles E. Hobart for Respondents.

HANSON, J. pro tem.—██ The principal question presented for determination upon this appeal from a final judgment of partition, no appeal having been taken from the interlocutory judgment, is whether a trial court can amend its interlocutory judgment which ordered a partition in kind to one for a sale thereof if it appears from the facts recited in the referees' report that a division in kind cannot be achieved without great prejudice to the owners.

Not only do the respondent owners contend that there is no such power vested in the court, but they also contend that if the court has such power no sufficient prejudice was shown to warrant any such action. We shall turn to consider this last point first, after stating the material facts.

The real property here involved consisted of three lots aggregating 83.93 feet in width (east to west) and 120 feet in depth (north and south) improved by an old one-story store building, covering the major portion of the three lots,

which had been used as a supermarket, but at the time of the trial was used only as a warehouse. A trussed roof resting on the two outer walls covered the forward part of the building and a flat roof the rear part. The building along with some smaller structures was valued by the referees at $5,000 and the three lots at $14,500 or a total of $19,500. At the trial there was evidence produced by appellant indicating that it would cost in excess of $3,000 to place a wall through the center of the building for its entire length which was the line later selected by the referees when they came to divide the property in kind. What evidence, if any, was introduced by respondents is not indicated by their brief. What it would cost either party to tear down the portion of the building allotted to him is not disclosed in the briefs. If in fact it would have cost the parties $3,000 or more to erect a partition wall to properly segregate the two halves of the building, it seems to us plain that the trial court in the first instance was not warranted in ordering a partition in kind, but should have ordered a sale. This for the reason that an expenditure of $3,000 was altogether too disproportionate to the value of $5,000 for the building as found by the referees. But appellant with full knowledge of the facts, nevertheless, did not appeal from the interlocutory judgment as it had a right to do (Code Civ. Proc., § 963(2); *Williams* v. *Wells Fargo Bank & U. Tr. Co.,* 17 Cal.2d 104 [109 P.2d 649]; *Pista* v. *Resetar,* 205 Cal. 197 [270 P. 453]) but instead permitted it to become final long before the referees' report was filed—a report which of necessity could not recommend a sale, but only a physical line for partition of the property. (*Richardson* v. *Loupe,* 80 Cal. 490 [22 P. 227].)

Assuming then the court erred as indicated, we come to the question whether the court had the power to amend the interlocutory judgment after it became final. We think it clear that the court was possessed of no such power. Time and again it has so been ruled in this state. (*Thompson* v. *White,* 76 Cal. 381 [18 P. 399]; *Williams* v. *Wells Fargo Bank & U. Tr. Co.,* 17 Cal.2d 104 [109 P.2d 649]; *Pista* v. *Resetar,* 205 Cal. 197 [270 P. 453]; *Holt* v. *Holt,* 131 Cal. 610 [63 P. 912]; *Quirk* v. *Rooney,* 130 Cal. 505 [62 P. 825]; *Barry* v. *Barry,* 56 Cal. 10; *Regan* v. *McMahon,* 43 Cal. 625.) To be sure the court could have rejected for good cause the report of the referees, but it could not do so merely because of the court's own error embodied in an interlocutory judgment that had become final. As the court could not undo what it

had done it had no alternative other than to confirm the report which was not assailed for any failure to comply with the provisions of the interlocutory judgment (*Dunn* v. *Dunn,* 137 Cal. 51 [69 P. 847]) and thereupon enter its final judgment which likewise is not assailed for any failure to follow the interlocutory judgment. The interlocutory judgment was and is legally conclusive of the fact that the property could be partitioned in kind, even though the physical fact is otherwise.

Appellant's final argument that the court could not have ordered the referees to expend the cost of a partition wall to effect a partition and, as a consequence, the court could not confirm a partition in kind which, in effect, would impose such an expenditure on the part of the parties is not only a *non sequitur,* but is intrinsically unsound. All the court did was to approve a physical partition of the land which carried with it the improvement to the extent it was located on the land allotted to each. If one of the parties and not the other chose to remove that portion of the building resting on the land allotted to him he was privileged to do so at his own expense; if he chose not to do so he would not incur any expense. If, on the other hand, he chose to erect a party wall to divide his portion of the property from that of the other party he likewise had that privilege. The fact that the latter procedure would involve an expense to him does not differ from the case of any landowner who seeks to erect a party wall to separate his property from that of an adjoining landowner. Whether the court could or could not have ordered the referees to expend the cost of a partition wall in order to effect a partition of the realty is not here involved and not decided as the court made no such order.

The judgment must be and it is affirmed.

White, P. J., and Doran, J., concurred.