[Civ. No. 16407.   First Dist., Div. Two.   Nov. 1, 1954.]

WILLIAM J. SULLIVAN et al., Petitioners, v. THE
SUPERIOR COURT OF THE CITY AND COUNTY
OF SAN FRANCISCO et al., Respondents; SALVA-
TORE BALESTRIERI et al., Real Parties in Interest.

Phil F. Garvey for Petitioners.

No appearance for Respondents.

Jackson & Barbarotto for Real Parties in Interest.

NOURSE, P. J.—Petitioners seek a writ of mandate to compel the San Francisco Superior Court, its official reporter and the county clerk to prepare, certify and transmit the clerk's and reporter's transcripts of two consolidated actions in which petitioners have filed a notice of appeal.

Petitioners allege as follows: On August 27, 1953, a judgment was entered in favor of the plaintiffs (petitioners were the defendants) adjudicating that petitioners' fence constituted an encroachment on the plaintiff's land; petitioners were enjoined from maintaining the fence and from interfering with the plaintiffs' rights in their land; petitioners were also ordered to remove their fence from plaintiffs' land and plaintiffs were awarded damages in the sum of $500. On · October 6, 1953, petitioners filed a notice of appeal and on October 8, they filed a notice to prepare a clerk's and reporter's transcript. On October 9, 1953, Percy Girvin, the official court reporter, filed with the clerk a written waiver of the deposit of the reporter's charges. On June 2, 1954, petitioners received from the clerk the Clerk's Estimate of Cost of Preparing Transcript on Appeal. On June 11, 1954, petitioners paid $755 (the estimated cost) to the clerk. Thereafter petitioners repeatedly demanded the transcripts from the reporter and from the clerk.

On August 10, 1954, the trial judge filed with the clerk the following order:

"To: Martin Mongan, County Clerk, and Percy Girvin, Official Reporter of the Superior Court, Department No. 14 thereof:

"Pursuant to my oral Order to the Official Reporter that he prepare and file the transcript on appeal from the Order made and entered on December 17, 1953, granting Motion to Require and Fix Undertaking on Appeal in the sum of $5,000, and that said appeal be decided by the Supreme Court before the preparation and filing of transcript on appeal from the Judgment made given and entered on August 27, 1953;

"You and each of you are hereby directed that the transcript on appeal from the Order made and entered on December 17, 1953, granting a motion to require and fix undertaking

on appeal in the sum of $5,000 shall be prepared and said transcript shall be filed and that said appeal be decided by the Supreme Court before the preparation and filing of the transcript on appeal from the Judgment made, given and entered August 27, 1953. . . .''

Petitioners then pray that Judge Harris, Percy Girvin, and the County Clerk be compelled to prepare, certify and transmit the clerk's and reporter's transcripts on appeal.

No case has been cited and none has been found on the question here presented, e.g., whether an appellant has a right, enforceable by mandate, to have a reporter prepare and file a transcript and to have a clerk certify a transcript after more than 30 days have expired from the deposit of the reporter's fees, but also after the superior court has ordered the reporter not to prepare the transcript in question until an appeal on another aspect of the case has been completed.

Code of Civil Procedure, section 269, provides in part as follows:

''. . . (an) official reporter . . . must, at the request of either party, or of the court in a civil action or proceeding, . . . take down in shorthand all the testimony, . . . and if directed by the court, or requested by either party, must, within such reasonable time after the trial of such case as the court may designate, write out the same, or such specific portions thereof as may be requested, . . . and certify to the same as being correctly reported and transcribed, and when directed by the court file the same with the clerk of the court.''

Rule 4(d) of the Rules on Appeal provides as follows:

''Within 30 days after direction from the clerk or the receipt of the fees from the appellant the reporter shall complete and file with the clerk an original and one copy of the reporter's transcript as directed, and certify the same as correct. . . .'' (Rule 5(d) contains similar provisions concerning the clerk's transcript.)

It thus became the statutory duty of the clerk and reporter to complete and file the two transcripts, and the trial judge was wholly without power to direct them not to perform that duty.

The judgment on appeal was a mandatory injunction requiring the defendants to remove their fence on the plaintiffs' land and an award of $500 damages to plaintiffs.

In regard to the damages aspect of the judgment, a

stay bond would be required in order that execution be stayed pending appeal. Code of Civil Procedure, section 942, provides as follows.

"If the appeal be from a judgment or order directing the payment of money, it does not stay the execution of the judgment or order unless a written undertaking be executed on the part of the appellant, by two or more sureties, to the effect that they are bound in double the amount named in the judgment order. . . ."

Thus it appears that a stay bond of $1,000 would be sufficient to stay the execution of the award for damages.

The defendants were entitled to have their record on the appeal from the judgment. If they desired to suspend payment of the item for damages they could have posted a bond under section 942, Code of Civil Procedure.

■ If it be assumed that the bond was required under section 949, Code of Civil Procedure, the order is too inclusive. That section does not authorize a superior court to deny an appellant his right to perfect a record on appeal. If a bond "conditioned for the performance of the judgment" is proper in a case of this kind the failure of the appellant to post the bond is a matter for the appellate court. ■ On the filing of the notice of appeal the superior court loses jurisdiction over the case—except in those limited matters relating to the perfection of the record. In that respect it is the duty of the superior court to make such orders as will aid the perfection of the record—not orders which will deny the right to have a record on appeal.

Let a peremptory writ issue as prayed.

Dooling, J., and Kaufman, J., concurred.