[Civ. No. 16594.   First Dist., Div. Two.   Jan. 19, 1956.]

SALVATORE BALESTRIERI et al., Respondents, v. M. S. SULLIVAN et al., Appellants.

WILLIAM J. SULLIVAN, Appellant, v. SALVATORE BALESTRIERI et al., Respondents.

560

Phil F. Garvey and Julia M. Easley for Appellants.

Jackson, Barbarotto & Lank for Respondents.

KAUFMAN, J.—This is an appeal from an order of the trial court made after judgment, under the provisions of section 949, Code of Civil Procedure, requiring appellants to furnish an undertaking in the sum of $5,000 to stay the enforcement of a mandatory injunction to remove a fence. Respondents' notice of motion stated that it was made ''pursuant to the discretion given said court for such purpose by Section 949 of the Code of Civil Procedure . . . and upon the ground that the real property of said plaintiffs has suffered, is now suffering, and will continue to suffer irreparable damage and injury during the pendency of said appeal.''

An appeal has been taken to this court from the judgment granting the mandatory injunction to remove the fence and assessing damages in the amount of $500. We are here concerned, however, solely with the appeal from the order made after judgment requiring the $5,000 undertaking.

Appellants and respondents own adjoining residential property in the city of San Francisco. A fence, which was erected in 1918, still is maintained by appellants on a strip of land which they claim to own. Respondents contend that the fence is on their property, constitutes a continuing trespass, and that damage to their house is caused by the leaking of water through the siding and foundation thereof. It was found

by the trial court that the fence leans so close to respondents' house that passage is prevented between it and the house; that the distance at its closest point is approximately 2 inches. Respondents, it was found, have been unable to gain access to the side of their house to make necessary repairs because of appellants' refusal to remove the fence.

Both parties brought actions which were consolidated for trial. Judgment was rendered in favor of respondents, quieting their title to the strip of land; decreeing that the fence constituted a continuing trespass, enjoining appellants from maintaining the fence as it now exists and ordering its removal forthwith; fixing damages in the sum of $500 and for costs.

A writ of execution having been issued and levied for $555.80, appellants deposited that sum in accordance with the provision of section 948 of the Code of Civil Procedure, whereupon the superior court on November 25, 1953, ordered "all further proceedings in the court below upon the judgment appealed from be and they are hereby stayed and that execution of said judgment be and the same is hereby stayed pending the said appeal." On December 11, 1953, respondents filed their notice of motion to require the $5,000 undertaking as a condition to staying execution of that portion of the judgment granting the mandatory injunction. On December 17, 1953, a minute order was entered granting respondents' motion. No reference is made in it to the prior order of November 25, 1953, which was made by a different judge. This order had been called to the attention of the court, however, in appellants' affidavit in opposition to the motion.

Appellant contends that the trial court was without jurisdiction to make an order requiring an undertaking so as to stay proceedings under the judgment for a mandatory injunction, inasmuch as an appeal automatically stays such an injunction, and that a long line of decisions in this state have so held. It is urged that the 1927 amendment to section 949 permitting the court to exercise its discretion in requiring a bond was not intended to change this well established rule.

Section 949, Code of Civil Procedure, now provides as follows: "In cases not provided for in sections 942, 943, 944 and 945, the perfecting of an appeal stays proceedings in the court below upon the judgment or order appealed from; but the court in its discretion may require an undertaking in an amount to be fixed by it conditioned for the

performance of the judgment or order appealed from if the same is affirmed or the appeal is dismissed; . . .''

This case is apparently one of first impression, since the applicability of the 1927 amendment has not heretofore been decided in regard to appeals from judgments granting mandatory injunctions. When these parties were before this court in *Sullivan* v. *Superior Court*, 128 Cal.App.2d 476 [275 P.2d 595], a case concerned with the record on appeal, the court did not have to rule on this matter, but left the question open by stating that ''If a bond 'conditioned for the performance of the judgment' is proper in a case of this kind the failure of the appellant to post the bond is a matter for the appellate court.'' Appellants point out that the case also stated that ''On the filing of the notice of appeal the superior court loses jurisdiction over the case—except in those limited matters relating to the perfection of the record.'' The case was not concerned with the effect of the sections in the Code of Civil Procedure providing for stay of execution of the judgment pending appeal. ▮ The trial court does not lose jurisdiction following the taking of an appeal, to exercise the powers which sections 942 to 949, Code of Civil Procedure, specifically grant to it to stay executions on judgments.

While it is true that the cases of *Smith* v. *Smith*, 18 Cal.2d 462 [116 P.2d 3], and *Pomin* v. *Superior Court*, 44 Cal.App. 2d 206 [112 P.2d 17], decided after the 1927 amendment, stated that under section 949 of the Code of Civil Procedure, a mandatory injunction is stayed by the appeal, those cases did not involve the question of whether the discretion given the trial court by that amendment might be exercised in a mandatory injunction case. Although the language of the amendment would appear to be broad enough to allow the trial judge in his discretion to require a bond in any case falling under section 949, the types of cases in which the discretion may be exercised have been somewhat limited by judicial construction.

The cases have interpreted the words in section 949, ''conditioned for the performance of the judgment or order appealed from if the same is affirmed or the appeal is dismissed,'' to indicate an intent that a bond may be required in cases where appellant has money or property in his possession belonging to respondent, or cases in which appellant is ''required to perform some act for the benefit of the respondent or pursuant to the directions of the judgment or order appealed from,'' but that in other cases section 949 automatically

stays proceedings without a bond. (*Jensen* v. *Hugh Evans & Co.*, 13 Cal.2d 401, 406 [90 P.2d 72].) This rule has been reiterated in *Williams* v. *Wells Fargo Bank & Union Trust Co.*, 17 Cal.2d 104 [109 P.2d 649]; *Dabney Estate*, 37 Cal.2d 402 [232 P.2d 481]; *Neusted* v. *Skernswell*, 69 Cal.App.2d 361 [159 P.2d 49]. And see 3 Cal.Jur.2d 706-707; 23 Cal. L.Rev. 602-614.

Appellant argues that the case cited, *supra*, *Neusted* v. *Skernswell*, 69 Cal.App.2d 361, which held that a bond was not required under section 949 in that case, is similar to the case herein. That was an appeal from an interlocutory decree in an action to establish a trust, and for a partition in which the trial court required of appellant a bond as a condition for a stay of proceedings "conditioned that he shall indemnify the plaintiff against all loss, harm, damage or injury which may occur by virtue of a stay of proceedings and the sale of said real property, if judgment appealed from be affirmed or dismissed." The court pointed out that such a condition could not be imposed under section 949, for the condition there provided for is "for the performance of the judgment or order appealed from" and that the order in the cited case was not of the character authorized by the section. Therefore this case is not in point here.

Since in the present case the motion was based upon both a request to the court to exercise its discretion to require a bond to stay the appeal of a mandatory injunction, a case clearly falling within the limitation set by judicial construction—appellant being required to perform an affirmative act for respondents' benefit—and upon the ground that irreparable damage would be done to respondents' home, pending appeal, by the failure to remove the fence, it can be said that the minute order was based upon the legal ground, "conditioned for the performance of the judgment." The bond, therefore, is to secure performance of the judgment granting the injunction if it is affirmed. The trial court found in the main case that damages to respondents' home were continuously increasing, and that repairs to the home could not be made unless the fence would be removed. The home was of the value of $15,000. ▪ A sufficient showing has been made that security for the performance of such a judgment is necessary, hence the trial court did not abuse its discretion in requiring a bond. In *Huston* v. *Huston*, 87 Cal.App.2d 8 [195 P.2d 551], cited by appellant, a bond in the amount of $20,000 was held excessive in a child custody

case. There was no evidence in that case that plaintiff intended to remove the child from the state pending appeal, but the trial court merely speculated that plaintiff might leave the state. Here, however, where there was evidence that respondents' damages would continue to increase until performance of the judgment if affirmed, the trial court could conclude that a bond to guarantee performance of the judgment was necessary. ▮ It was within the trial court's discretion to set the amount of the bond and we cannot say that the amount set is excessive. We have no way of knowing from the record before us as to the cost of removal of said fence, construction costs these days are high and the trial court was justified in fixing the amount of the bond in a sum that would be adequate to cover any and all expenses incurred in performing the mandatory injunction.

▮ It is urged that the trial court lost jurisdiction to require an undertaking in reference to the injunction because of the ex parte order of November 25, 1953, staying execution of the part of the judgment which awarded $500 damages and costs. It is true that, in the order staying execution, the court made the statement ''That all further proceedings in the court below upon the judgment appealed from be and they are hereby stayed and the execution of the said judgment be and the same is hereby stayed pending the said appeal.'' Appellants say that this order would have to have been vacated or modified before the court would have jurisdiction to require a bond in the injunction matter. The only matter before the court on November 25, 1953, was the portion of the judgment regarding damages, and this order may be interpreted to apply only to that portion of the judgment. The recitals in the order pertain only to the award of damages. If it purports to go further and deprive respondents without notice of the right to proceed under section 949, Code of Civil Procedure, for a bond to stay the mandatory injunction, it would be void, and may be disregarded. The cases cited by appellants, *Hubbard* v. *University Bank,* 120 Cal. 632 [52 P. 1070], and *McClintock* v. *Powley,* 210 Cal. 333 [291 P. 833], hold that the trial court having fixed a stay bond in a certain amount, could not thereafter make another order increasing the amount of the bond unless the former order had been set aside. The subject matter of the second order in those cases dealt with exactly the same subject matter as did the first order, while in the present case we have two distinctly severable matters encompassed in one judgment.

In view of the foregoing the order finds support in the record before us and appellant has failed to establish on the part of the trial court a clear abuse of discretion in fixing the amount of the bond.

Order affirmed.

Dooling, J., concurred.

A petition for a rehearing was denied February 17, 1956, and appellants' petition for a hearing by the Supreme Court was denied March 14, 1956. Carter, J., was of the opinion that the petition should be granted.