Filed 8/2/24  Diaz-Magana v. Diaz CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| LUZ E. DIAZ-MAGANA,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>EDUARDO DIAZ,<br><br>Defendant and Appellant. | F087153<br><br>(Super. Ct. No. VCU286266)<br><br>**OPINION** |

APPEAL from a judgment of the Superior Court of Tulare County.  Bret D. Hillman, Judge.

Michael B. Brown for Defendant and Appellant.

Hornburg, Gaebe & Hannah, Inc., C. Matthew Gaebe and William Hannah for Plaintiff and Respondent.

-ooOoo-

Luz E. Diaz-Magana brought an action to partition property that her parents, Jose Maldonado Diaz and Maria Mendez Diaz, deeded to her and her two brothers, Eduardo

Diaz, who is also known as Edward Diaz, and Roberto Diaz, as joint tenants.[1] Only Edward appeared in the action, but he was absent from the trial because he was being arraigned on a criminal complaint in another court. In May 2022, the trial court issued a judgment that the siblings were each one-third owners of the property as tenants in common, the sale of the property and division of the proceeds would be more equitable than division in kind, and Luz would be appointed the referee.

In July 2022, Edward filed a motion for a new trial in which he argued his father, Jose, had an interest in the property, as he understood his father could live there for the remainder of his life, and he should be included in the action. Edward also alleged he was unable to attend the trial because he was required to attend a criminal arraignment in another court that was scheduled for the same time. The trial court denied the motion as untimely in September 2022.

Thereafter, Luz filed three motions to confirm the sale of the property. In response to each motion, Edward and Jose reasserted their claims that the trial should be reopened so Jose could assert his claim to a life estate in the property and Edward could appear. Each time, the trial court rejected these arguments and confirmed the sale.

Edward appeals from the third order granting Luz's motion to confirm the sale of the property. He contends the trial court should have granted a new trial so he can appear at trial and Jose can be brought into the action. He also asserts Luz cannot serve as referee because she is a party to the action. Finding no merit to Edward's contentions, we affirm.

---

[1] Because the parties and participants in this action share the same or similar last names, we refer to them by their first names. We generally refer to Eduardo by his apparently legal name, Edward.

FACTUAL AND PROCEDURAL BACKGROUND

*The Partition Complaint and Trial*

In March 2021, Luz filed a verified complaint for partition of real property by sale, accounting, and ouster, which named Edward and Roberto as defendants. The complaint alleged as follows. Luz owned an undivided one-third interest in the fee title to real property located in Lindsay, which she acquired via a grant deed recorded in the Office of the County Recorder of Tulare County on March 29, 2005. A copy of the grant deed was attached to the complaint, which shows that Jose and Maria granted the property to Luz, Edward, and Roberto, as joint tenants.

Edward had been residing on the property since late 2019, and while he agreed to maintain insurance on the property, he failed to do so. Since around April 2019, Juan Diaz had been renting the detached in-law suite on the property, and while he paid rent to Edward or Roberto, Luz had not been provided with an accounting or her portion of the money received. There were no liens or encumbrances on the property appearing of record or of which Luz was aware other than what was shown in the litigation guarantee, which was attached to the complaint. The litigation guarantee showed the March 2005 grant deed, and stated there were no mortgages or deeds of trust on the property. The guarantee did not mention a life estate or any other exception relating to the prior owners.

Luz did not want to continue owning the property as joint tenants and wanted to partition the property by sale, as the property could not be subdivided. Luz asked for an accounting of the rental revenues received from tenants living on the property and sought access to the property, as Edward had been denying her access and possession of the property over the years. Luz recorded a notice of pendency of action on the property.[2]

---

[2]     According to the register of actions and the trial court's order denying Edward's motion for a new trial, Edward, representing himself, filed an answer to the complaint on April 15, 2021. The answer is not in the appellate record. The record shows Roberto was served with summons by publication. It appears from the register of actions that Roberto's default was taken.

At the September 16, 2021 case management conference, trial was set for April 26, 2022. Edward was present at the conference and waived formal notice of the trial date.[3]

On May 3, 2022, a judgment on the complaint was entered which stated that trial was held on April 26, 2022, at which Luz's attorney appeared on her behalf, but Edward failed to appear. Witnesses were sworn and examined, and documentary evidence was introduced. After the evidence was closed, the case was submitted to the trial court for decision and the court issued a statement of decision.

In the judgment, the trial court ordered, adjudicated, and decreed the following: (1) Luz, Edward, and Roberto were one-third owners of the property as tenants in common; (2) there were no liens or encumbrances on the property appearing of record or otherwise known to the parties or apparent from an inspection of the property; (3) under the circumstances, sale of the property and division of the proceeds would be more equitable than an in-kind division; (4) Luz was appointed referee with authority to sell the property at either a public auction or by private sale; (5) after selling the property, Luz was directed to report to the court her proceedings on the sale, and on confirmation of the sale by the court and payment of the purchase price, deliver a deed to the purchaser; and (6) directed distribution of the proceeds of the property, with Luz being reimbursed for expenses she paid relating to the property. Luz served notice of entry of judgment on May 3, 2022.[4]

On June 2, 2022, Luz filed a motion to compel Edward to allow her, her attorney, her realtor, and any prospective purchaser access to the property on reasonable request of 48 hours to market the property. The trial court granted the motion on July 19, 2022.

---

[3]     The minute order of the September 16, 2021 case management conference is not in the clerk's transcript.

[4]     The notice of entry of judgment is not in the clerk's transcript.

***The Motion for a New Trial***

On July 15, 2022, Edward, represented by counsel, filed a notice of intention to move for new trial, along with a memorandum of points and authorities and the declarations of Edward and Jose. Edward moved for a new trial on the ground of irregularity in the court proceedings asserting: (1) Jose, who claimed to have a life estate in the property, was not notified of the trial; (2) Jose was not provided with 15 days' notice of the time set for trial as required by Code of Civil Procedure section 594, subdivision (a);[5] and (3) Edward was prevented from being fairly heard as he was scheduled to appear on criminal charges related to Luz on the same date and time as the trial in this matter.

Jose stated in his declaration that he does not read, write, or speak English. He lived on the property with his son Edward and Edward's family, and before that, he lived on the property with his wife Maria until her death. Jose did not remember signing the grant deed as it was a long time ago, but he understood that he would not be evicted from his own house until his death. He did not believe the dispute between Luz and Edward should result in the house he was living in being sold. Jose and his wife gave Luz her own house and Jose did not believe she should be selling his house as he did not give her permission to do so.

Edward asserted in his declaration that he was aware a court trial was scheduled for 9:00 a.m. on April 26, 2022, but he was unable to attend the trial because he was required to attend an 8:30 a.m. arraignment in a criminal matter in the Porterville Division of the Tulare County Superior Court on the same date. Edward informed the public defender about the civil trial but was told he needed to arrive for arraignment, or he may face serious consequences. Edward understood the criminal charges arose from an alleged violation of a domestic relations court order regarding his sister Luz.

---

[5]     Undesignated statutory references are to the Code of Civil Procedure.

On September 13, 2022, after no party requested oral argument on the new trial motion, the trial court issued an order adopting its tentative ruling denying the motion. The trial court found the motion was untimely under section 659, subdivision (a)(2), which requires the notice of intention to move for a new trial to be filed within 15 days of a party's service of written notice of entry of judgment. The trial court reasoned that since Luz served written notice of entry of judgment on May 3, 2022, the notice of intention to move for a new trial was required to be filed by May 18, 2022, therefore, the notice of intent filed on July 15, 2022, was untimely. The register of actions shows the clerk served notice of the ruling on the parties by mail on September 13, 2022.

***The First Motion to Confirm the Property's Sale***

Meanwhile, Luz filed a motion for an order confirming the sale of the property on September 7, 2022, along with a memorandum of points and authorities and Luz's declaration and report.[6] On September 13, 2022, Edward's attorney, who was now also representing Jose, filed an opposition to the motion and a declaration from Jose.[7] Jose stated in his declaration that he did not receive any paperwork regarding this case at the property, where he lived with Edward, Robert, Maria Isabel, and three children. Jose had been shown a copy of the grant deed, but he did not remember signing it and he believed the document was a forgery. He asserted his wife Maria was on hospice and he believed Luz took advantage of her. Jose owned another house in Lindsay, and he believed Luz forged signatures to get title to that house, as his wife denied signing any such paperwork when she was alive. Jose planned to live on the property until he died, and he had nowhere to go. Jose wanted a hearing on this matter as he believed he owned the property, Luz was taking advantage of him, and she did not care about the family.

---

[6]     Luz's moving papers are not in the clerk's transcript.

[7]     The register of actions shows the declarations of Juan Mendez Diaz and Maria Isabel Maravilla Cruz, also were filed on September 13, 2022. Neither of these declarations nor the opposition to the motion are in the clerk's transcript.

6.

On October 13, 2022, the trial court issued a ruling on Luz's motion confirming the sale of the property. The trial court noted that Luz indicated the property had an offer of $168,000 based on a list price of $170,000, and she was seeking an order confirming the sale of the property for $168,000. In opposition, Edward and Jose indicated the residents of the home, except themselves, were not informed of the partition action and did not have an opportunity to be heard in the matter. They sought to set aside the judgment and set a future hearing or trial.

The trial court found that Luz gave proper notice of the motion to the other parties who appeared in the action and Edward and Jose's arguments were not well taken. The trial court noted that Edward and Jose asserted that Jose, Luz's brother, Juan Diaz, and Luz's sister-in-law, Maria Isabel Maravilla Cruz, were required to be included in the complaint as they had an interest in the property that was known to Luz. The trial court explained the judgment determined Luz, Edward, and Roberto each held a one-third fee ownership interest in the property, and it was not compelled to deny the motion because there were other occupants of the property who did not participate in the lawsuit. The trial court noted no authority was cited that mere occupants are necessary parties to a partition action and Jose, Juan, and Maria Isabel were not alleged to have an ownership interest in the property.

The trial court addressed an argument made at the hearing on the motion that Jose now asserted an ownership interest in the property, but his declaration simply stated that he did not remember signing the deed. The trial court explained that at trial, it received the signed and notarized 2005 grant deed into evidence, through which Jose transferred title to Luz, Edward, and Roberto, and a bare assertion that Jose did not recall signing the document over 17 years ago did not overcome the evidence the court considered at trial. Moreover, the declarations filed by Juan and Maria Isabel offered little more than hearsay, argument, and speculation. The trial court noted that while the occupants

7.

retained rights as tenants after sale to the new owner, those issues were not relevant to this motion.

The trial court concluded there was no dispute as to the ownership of the property, the named parties in the action held a one-third interest in the property, they were given an opportunity to participate in the case, including calling witnesses at trial, and they received notice of this hearing. Accordingly, the trial court granted the motion and confirmed the sale of the property.

### *The Second Motion to Confirm the Property's Sale*

Luz filed a second motion for an order confirming the sale of the property on March 21, 2023.[8] Edward, through his attorney, filed an opposition to that motion. Edward asserted the referee's report filed by Luz was incomplete and inadequate, as it did not address Jose's interest in the property. Edward urged the trial court to consider Jose's legal rights and hear his claim to the property, since he was not afforded a trial like Edward and Roberto were. Edward further asserted the trial court should refuse confirmation and order a resale because the sales price of $115,000 was inadequate and the buyer would be dealing with people living in the house who had not been served or had the opportunity to be heard in this matter, namely, Jose. Edward asserted the family should be allowed to buy the house rather than have the property sold for less than fair value.

In reply, Luz asserted her report was complete and accurate, Edward had not cited any authority allowing the court to reconsider its prior ruling denying the motion for new trial as untimely or to allow for the requested relief. Luz further asserted her realtor suggested to incrementally lower the sales price due to Edward's refusal to allow an inspection of the property despite the court's order. Luz asked the trial court to confirm the sale as requested.

---

[8]     Luz's moving papers are not in the appellate record.

On May 2, 2023, a hearing was held on the motion and the trial court issued an order confirming the sale of the property and ordering the sales proceeds to be deposited into Luz's attorney's trust account for further dispensation.

### The Third Motion to Confirm the Property's Sale

On September 14, 2023, Luz filed a third motion for an order confirming sale of the property, along with her declaration and report and a memorandum of costs after judgment.[9] Luz explained in her declaration that the buyers cancelled the first sale because title insurance could not be issued due to this litigation, and the buyers also cancelled the second sale. On August 30, 2023, Luz received an offer to purchase the property for $125,000, which she accepted contingent on the court's approval.

Edward opposed the motion, asserting that Jose was a necessary party to the lawsuit pursuant to section 872.510, as Luz knew Jose claimed an interest in the property because Jose is her father, he lived at the property, he claimed to own the property, he lived next door to Luz, and Luz's claim of record title originated with Jose. Edward asserted Luz must amend the complaint to add Jose as a defendant and serve him with a summons.

Edward argued that once Jose is brought into the case and an amended complaint filed, the protections of the Uniform Partition of Heirs Property Act (former § 874.311 et seq.), which applied to partition actions filed on or after January 1, 2022 (former § 874.313, subd. (a)), and the Partition of Real Property Act (§ 874.311 et seq.), which applies to partition actions filed on or after January 1, 2023 (§ 874.311, subd. (c)), would apply to him. Edward urged the trial court to allow Jose to attend a hearing and determine what right, if any, he had to live at the property, as Jose claims he has a life estate and he never signed a document transferring title to Luz. Edward further asserted that a neutral referee must be appointed to replace Luz because the new legislation

---

[9] The notice of motion mentions a memorandum of points and authorities being filed with the motion, but the memorandum is not in the clerk's transcript.

requires the referee to be a disinterested and impartial person who is not a party or participant in the action.

Finally, although Edward recognized the trial court denied his request for a new trial, he asked the trial court to consider that he did not attend the trial in this case because he was being prosecuted for violating a stay-away order that protected Luz, and he was found not guilty on all counts.

In reply, Luz asserted Edward had not cited any authority that would allow the trial court to reconsider its prior rulings, particularly the denial of his motion for new trial. Moreover, Edward requested a new trial in opposition to each of Luz's motions to confirm the property's sale, and on each motion, the court denied the request. Luz asserted the protections of the Uniform Partition of Heirs Property Act did not apply to the complaint, as it was filed before its enactment. Luz claimed her efforts to maximize the return on the sale were well documented in her declaration and report, she was not required to obtain a formal appraisal, and it flew in the face of equity for Edward to object to the sales price when he refused to allow a property inspection for marketing purposes.

A hearing on Luz's motion was held on October 17, 2023, at which counsel for Luz and Edward both appeared. After hearing argument, the trial court adopted its tentative ruling as its order. The trial court found that Luz hired a real estate agent who listed the property for $115,000, she received an offer of $125,000, and Luz provided a copy of the purchase agreement representing the operative offer. The trial court addressed Edward's arguments, which it noted were repeated from prior motions and lacked an evidentiary basis. The trial court found these arguments did not warrant denying the motion for the same reasons stated in the court's October 13, 2022 and May 2, 2023 rulings. The trial court noted that Edward was essentially seeking a new trial long after the period in section 659 had passed, and the Uniform Partition of Heirs Property Act was not enacted until after this action was filed. The trial court further

found there was no evidentiary basis for Edward's argument that the sales price was inadequate in California. Accordingly, the trial court granted the motion and confirmed the sale.

That same day, the trial court issued a written order confirming the sale of the property and ordering the sale proceeds to be deposited into an attorney/client trust account for further dispensation.

On November 13, 2023, Edward filed a notice of appeal from the October 17, 2023 order confirming the sale.[10]

## DISCUSSION

"Partition actions are governed by section 872.010 et seq., which sets forth the process by which a court determines the parties' interest in a property and the manner of partition." (*Starcevic v. Pentech Financial Services, Inc.* (2021) 66 Cal.App.5th 365, 375 (*Starcevic*).) A partition action may be commenced and maintained by "[a]n owner of an estate of inheritance, an estate for life, or an estate for years in real property where such property or estate therein is owned by several persons concurrently or in successive estates." (§ 872.210, subd. (a)(2).) A complaint for partition must include, among other things, the plaintiff's interests in the property, "[a]ll interests of record or actually known to the plaintiff that persons other than the plaintiff have or claim in the property and that the plaintiff reasonably believes will be materially affected by the action, whether the names of such persons are known or unknown to the plaintiff," and "[t]he estate as to which partition is sought and a prayer for partition of the interests therein." (§ 872.230, subds. (b)-(d).)

Here, Luz's complaint alleged: (1) she owned an undivided one-third interest in fee title to the property, which she acquired via the 2005 grant deed that showed Edward and Roberto as the other one-third owners of the property; (2) Edward was living on the

---

[10] Edward proceeds on appeal with a partial clerk's transcript and without a reporter's transcript of the trial or any of the hearings.

11.

property and renting out a detached in-law suite to Juan; and (3) she did not know the names and capacities of others who may have an interest in the property which she sued as Doe defendants. Luz sought to partition the property among the joint tenants by sale. Edward and Roberto were the only named defendants.[11]

At the trial on the partition complaint, the trial court determines whether the plaintiff has the right to partition. (§ 872.710, subd. (a).) The partition of concurrent interests in the property "shall be as of right unless barred by a valid waiver." (§ 872.710, subd. (b).) The partition of successive estates is allowed if it is in the best interest of all the parties. (§ 872.710, subd. (c).) "Pursuant to section 872.720, subdivision (a), '[i]f the court finds that the plaintiff is entitled to partition, it shall make an interlocutory judgment that determines the interests of the parties in the property and orders the partition of the property and, unless it is to be later determined, the manner of partition.' " (*Starcevic*, *supra*, 66 Cal.App.5th at p. 375.)

Here, the trial court held a trial at which evidence was received but which only Luz attended. On May 3, 2022, the trial court entered a judgment in which it found Luz, Edward, and Roberto were each one-third owners of the property as tenants in common, there were no liens or encumbrances on the property, and it would be more equitable to sell the property and divide the proceeds than to divide the property in kind. The trial court appointed Luz as referee with authority to sell the property and directed her to report the sale to the court and when the court confirmed the sale, authorized her to complete, execute and deliver a deed to the purchaser.

This interlocutory judgment was appealable, but Edward did not appeal from that judgment. (*Starcevic*, *supra*, 66 Cal.App.5th at p. 375; §§ 904.1, subd. (a)(9), 872.720, subd. (a).) Despite its designation as "interlocutory," the judgment became final and

---

[11] Section 872.510 requires the plaintiff to "join as defendants in the action all persons having or claiming interests of record or actually known to the plaintiff or reasonably apparent from an inspection of the property, in the estate as to which partition is sought."

conclusive when the time for appeal ended. (*Starcevic*, at p. 375; *Raisin Investment Co. v. Magginetti* (1952) 109 Cal.App.2d 163, 164.) Although the interlocutory judgment is preliminary to the final judgment of confirmation, it is conclusive as to the matters determined therein. (*Starcevic*, at p. 375, citing *Pista v. Resetar* (1928) 205 Cal. 197, 199; see *Holt v. Holt* (1901) 131 Cal. 610, 611–612 [an "interlocutory decree of partition … is a final judgment, certainly, as to all questions determined in it"].) Therefore, once the interlocutory judgment became final, the trial court did not have the power to amend it even in cases of error. (*Starcevic*, at p. 376; *Raisin*, at p. 164.)

Edward brought a motion for new trial in which he asserted Jose envisioned holding a life estate in the property, as he did not remember signing the 2005 grant deed and understood that whatever documents he signed, he would not be evicted from his house until his death. Edward further asserted that he could not attend the trial because he was required to appear for an arraignment on a criminal case in another court. Edward argued a new trial should be granted because Jose never received notice of the time set for trial, and the trial court should hear from both Edward and Jose.

The trial court, however, denied the motion as untimely, as Luz served Edward with written notice of entry of judgment on May 3, 2022, which meant the notice of intention to move for a new trial was required be filed at the latest 15 days later, on May 18, 2022. (§ 659, subd. (a)(2).) Because the notice of intent was not filed until July 15, 2022, the motion was untimely. While an order denying a motion for a new trial is not appealable, it may be reviewed on appeal from the underlying judgment. (*Walker v. Los Angeles County Metropolitan Transportation Authority* (2005) 35 Cal.4th 15, 18.) Thus, Edward could have sought review of this ruling had he appealed from the May 2022 interlocutory judgment. The May 2022 interlocutory judgment and order denying the motion for new trial are long since final.

Once a partition by sale is ordered and the referee reaches an agreement to sell the property, the referee must report the sale to the court. (§ 873.710, subd. (a).) The

referee's report must contain, at a minimum, the information listed in section 873.710, subdivision (b), which includes a description of the property sold, the purchaser's name, the sale price, and the terms and conditions of the sale. The purchaser, the referee, or any party may then move the court to confirm or set aside the sale. (§ 873.720, subd. (a).) At the hearing on the motion, the trial court must examine the report and witnesses in relation to the report, and may either confirm the sale or vacate the sale and direct a new one if it determines the proceedings were unfair, notice of sale was not properly given, the sale price is disproportionate to the property's value, or a new sale will yield a sum that exceeds the sale price by specified amounts. (§ 873.730, subds. (a), (b) & (c).) "If there is no finding at the hearing of unfairness or improper notice, the sale may thereafter not be attacked on such grounds." (§ 873.730, subd. (c)(1).)

Here, Luz brought three separate motions to confirm the sale of the property and she presented a referee's report with each motion as required by statute. The trial court granted all three motions. Edward appeals only from the October 2023 order granting Luz's third motion to confirm the sale. In that order, the trial court rejected Edward's arguments that Jose must be brought into the lawsuit because he is an indispensable party, which would mandate Luz's removal as referee under the new legislation, and although Edward did not inform the trial court of the conflict with his criminal case, the trial court should consider that Edward was found not guilty in that case. The trial court viewed these arguments as essentially requests for a new trial, which were made long after the time for such motion had passed as set forth in section 659.

On appeal, Edward contends the trial court erred in failing to order a new trial because (1) Jose is an indispensable party to the partition action and the trial court was required to join him as a party on its own motion once it learned he claimed an interest in the property, and (2) the trial court failed to ensure Edward received a fair hearing after learning he could not attend the trial due to a conflict with his criminal case. Edward also contends the trial court's appointment of Luz as the referee violated the protections

afforded Jose pursuant to the Uniform Partition of Heirs Property Act. Edward asks us to vacate the order confirming the sale of the property or nullify the order for the partition sale as to him and remand the matter for a new trial.

Edward raised the arguments about Jose's claimed interest in the property and the reason for Edward's absence from the trial in his July 2022 new trial motion that the trial court denied as untimely. As we have explained, the May 2022 interlocutory judgment is final and conclusive as to the matters stated therein, including the finding that Luz, Edward, and Roberto each held a one-third interest in the property as tenants in common. Therefore, Edward cannot attack the judgment by arguing in opposition to a motion to confirm the sale of the property that Jose held an unaddressed interest in the property.

Edward asserts the trial court was required to join Jose as a party to the partition action once it became aware of his claimed interest in the property through Jose's declarations filed on July 15 and September 13, 2022. In support, Edward cites section 872.520, subdivision (c), which provides, in relevant part: "The court shall upon its own motion or upon motion of any party make such orders for joinder of additional parties … as are necessary and proper." But Edward ignores that once the time to file a notice of intention to move for a new trial expired in May 2022, the trial court lost jurisdiction to entertain a motion for a new trial and grant a new trial to join Jose as a defendant even on its own motion. (*Kabran v. Sharp Memorial Hospital* (2017) 2 Cal.5th 330, 336.)[12] Since the trial court lost jurisdiction to order a new trial, it also was not empowered to order a new trial based on Edward's claim that Luz orchestrated his

---

[12]    Since the trial court did not have jurisdiction to entertain a new trial motion, we need not discuss the cases Edward relies on to show that Jose was a necessary party to the partition action (*Bacon v. Wahrhaftig* (1950) 97 Cal.App.2d 599, 603–604), that he had an oral agreement for a life estate in the property (*Ward v. Wrixon* (1959) 168 Cal.App.2d 642, 654–655), and Luz could be estopped to obtain a partition due to his life estate (*Heber v. Yaeger* (1967) 251 Cal.App.2d 258, 262–263).

15.

absence from the trial by filing a criminal complaint against him and scheduling the arraignment on the same day and time as the trial in this action.[13]

Edward asserts for the first time in his reply brief that the judgment is void for lack of fundamental jurisdiction, since Jose was never served with process, and Jose's due process rights will be violated if he is not allowed to assert his claimed interest in the property. We need not consider these arguments as issues first raised in a reply brief will not be considered absent a showing of good cause for delay. "Consistent with well-established authority, absent justification for failing to present an argument earlier, we will not consider an issue raised for the first time in a reply brief." (*Save the Sunset Strip Coalition v. City of West Hollywood* (2001) 87 Cal.App.4th 1172, 1181, fn. 3; see *American Drug Stores, Inc. v. Stroh* (1992) 10 Cal.App.4th 1446, 1453; *Neighbours v. Buzz Oates Enterprises* (1990) 217 Cal.App.3d 325, 335, fn. 8.) Our Supreme Court declined to consider an argument raised for the first time in a reply brief, stating: "Obvious reasons of fairness militate against consideration of an issue raised initially in the reply brief of an appellant." (*Varjabedian v. City of Madera* (1977) 20 Cal.3d 285, 295, fn. 11.) There being no good cause shown, and in the interests of fairness, we do not consider the argument.[14]

---

[13]    Edward asserts the trial court must provide clear instructions to self-represented litigants (*Nuño v. California State University, Bakersfield* (2020) 47 Cal.App.5th 799, 803) and ensure that self-represented litigants are not misled either by a represented party or the court (*Gamet v. Blanchard* (2001) 91 Cal.App.4th 1276, 1284). There is nothing in the appellate record, however, to show that either the trial court, Luz, or her counsel misled Edward so he would not appear at trial. Rather, Edward concedes he was aware of the trial date in the partition action, and he followed the advice of his counsel in the criminal case to appear at the arraignment rather than the trial. There is no evidence in the record to support Edward's claim that Luz scheduled the arraignment to occur on the same date as the trial.

[14]    Even if we were to consider these arguments, we would reject them. Since Jose was not a party to the partition action, he was not required to be provided reasonable notice of the partition trial. (*Braugh v. Dow* (2023) 93 Cal.App.5th 76, 87 ["due process clauses of the United States and California Constitutions require that a party be given reasonable notice of a judicial action or proceeding"].)

Finally, Edward contends that if Jose is named as a defendant in the partition action, he is entitled to the protections of the Uniform Partition of Heirs Property Act. He specifically points to section 874.315, which provides that a referee must "be disinterested and impartial and not a party to or a participant in the action." Edward asserts this section requires the removal of Luz as the referee because she is a party to the action, she has an interest in it, and she is not impartial. Since we have found that Jose cannot be added as a party at this late date, it is irrelevant whether this section would apply to Jose if he were added as a party. Moreover, as the trial court found, section 874.315 does not apply to the partition action because it was filed before January 1, 2022, the date this section first became effective. (Stats. 2021, ch. 119, § 2;

Fundamental, or subject matter, jurisdiction, the lack of which renders a judgment void, only applies when the trial court did not have the inherent authority to decide the case or matter before it. (*Abelleira v. District Court of Appeal* (1941) 17 Cal.2d 280, 288 ["[l]ack of jurisdiction in its most fundamental or strict sense means an entire absence of power to hear or determine the case, an absence of authority over the subject matter or the parties"]; *Dabney v. Dabney* (2002) 104 Cal.App.4th 379, 383 [fundamental or subject matter jurisdiction relates to the court's inherent authority to decide the case or matter before it]; *Conservatorship of O'Connor* (1996) 48 Cal.App.4th 1076, 1087 [same]; *Thompson Pacific Construction, Inc. v. City of Sunnyvale* (2007) 155 Cal.App.4th 525, 538 [judgments by a court that lacks fundamental jurisdiction are void and an objection may be raised at any time].) None of the authorities Edward cites hold that a trial court lacks inherent authority to decide a partition action when the claim of a person who was not named as a defendant is discovered after the judgment was rendered.

Instead of invalidating the judgment in such a situation, section 874.225, subdivision (b) provides that the "judgment does not affect a claim in the property or part thereof of any person who was not a party to the action" if "[t]he claim was actually known to the plaintiff or would have been reasonably apparent from an inspection of the property at the time the lis pendens was filed." The subdivision further provides that "a 'claim in the property or part thereof' of any person means the interest of the person in the portion of the property or proceeds of sale thereof allocated to the plaintiff…." (§ 874.225, subd. (b).) According to the Law Revision Commission comment following section 874.225, subdivision (b) is an exception to the general rule that the judgment binds all persons who have unrecorded interests in the property, and provides that the judgment is not conclusive only with respect to the plaintiff's share, and the property's sale to a bona fide purchaser is free of the unrecorded interests. (Cal. Law Revision Law Com. com., 17A, Pt. 2 West's Ann. Code Civ. Proc. (2015 ed.) foll. § 874.225, p. 304.)

17.

former §§ 872.020, subd. (b) & 874.311 [the Uniform Partition of Heirs Property Act "shall apply to actions filed on or after January 1, 2022, for partition of real property that is heirs property"].)

In sum, Edward has not shown that the trial court erred in granting Luz's third motion to confirm the sale of the property. The trial court correctly found that by arguing that Jose should be a party to the action and the trial should not have proceeded in Edward's absence, Edward essentially was seeking a new trial long after the time to bring such a motion had passed, and the Uniform Partition of Heirs Property Act did not apply to the partition action. Since Edward does not challenge any of the other findings the trial court made in confirming the sale of the property, we affirm the order.

## DISPOSITION

The October 17, 2023 order is affirmed. Costs on appeal are awarded to respondent.

DE SANTOS, J.

WE CONCUR:

LEVY, Acting P. J.

DETJEN, J.

18.